IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MIROSLAV IVANOV,** ) | |
| ) | |
| **VESELIN IVANOV** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No.: 7-CV-00410 |
| ) | Judge Leon |
| ) | |
| **SUNSET POOLS MANAGEMENT, INC.** ) | |
| **ET AL,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)
AND TO DISMISS OR STAY PENDING ARBITRATION**

Defendants Sunset Pools Management, Inc. ("Sunset") and Arash Naderi ("Mr. Naderi," and together with Sunset, "Defendants"), file this Motion to Dismiss Counts II and III of the Complaint of Plaintiffs Veselin Ivanov and Miroslav Ivanov (collectively "Plaintiffs") under Rule 12 (b)(6) and also for dismissal or stay pending arbitration, under the Federal Arbitration Act.

Defendants attach a Memorandum in support of this Motion. Plaintiffs have failed to plead fraud and civil conspiracy. Plaintiffs claims also should also be stayed pending arbitration under the broad language of the arbitration clause to which the Plaintiffs agreed.

Respectfully Submitted,

/s/ John J. Rigby

John J. Rigby
D.C. Bar No. 255539
McInroy and Rigby L.L.P.
2200 Wilson Boulevard
Suite 800
Arlington, VA  22201
Tel:  703-841-1100
Fax:  703-841-1161

  /s/ George R. A. Doumar
George R. A. Doumar, Esq.
D.C. Bar No:  415446
George R. A. Doumar, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
Tel: 703-243-3737
Fax: 703-524-7610
Email:gdoumar
@doumarlawgroup.com

Attorneys for the Defendants
Sunset Pools Management,
Inc. and Arash Naderi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV,<br><br>VESELIN IVANOV<br><br>    Plaintiffs,<br><br>v.<br><br>SUNSET POOLS MANAGEMENT, INC.<br>ET AL,<br><br>    Defendants. | Civil No.: 7-CV-00410<br>Judge Leon |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6), AND TO DISMISS OR STAY PENDING ARBITRATION**

Defendants Sunset Pools Management, Inc. ("Sunset") and Arash Naderi ("Mr. Naderi," and together with Sunset, "Defendants"), file this Memorandum in Support of Motion to Dismiss under Rule 12(b)(6), and also for dismissal or stay pending arbitration, under the Federal Arbitration Act. (The remaining Defendant, Bita Naderi, has not been served.) Mr. Naderi and Sunset seek dismissal of Counts II and III. In any case, because another Defendant, International Training and Exchange, Inc. ("Intrax"), has filed a Motion to Dismiss and compel arbitration, and the complaints against Intrax are intertwined with those against Defendants, this matter should be dismissed or at least stayed pending arbitration.

## FACTS

Sunset is a pool management company that employs young people from overseas as lifeguards on a short-term, seasonal basis, during the summer, in the Washington, D.C. area. See Complaint, ¶1. Plaintiffs both signed contracts with Sunset for the period from May 24, 2006 through September 26, 2006, and worked as lifeguards during that time period. Complaint, Exhibit 3 (contract) and Exhibit 5 (pay stubs). Plaintiffs allege slightly different dates in the text of the complaint, from May 24, 2006 to October 20, 2006. Complaint, ¶6. The other defendant in this matter, International Training and Exchange, Inc. ("Intrax"), also provided disclosures to plaintiffs showing May through September employment. Complaint, Exhibit 4.

Plaintiffs make no specific allegations that anyone at Sunset communicated with them prior to their arriving here. Plaintiffs' only allegation against Mr. Naderi, in fact, is that he is a shareholder of Sunset.

## SUMMARY OF ARGUMENT

Plaintiffs have made no specific allegations that anyone at Sunset made any misrepresentations to them. There is thus no basis for fraud. At the least, fraud allegations must be pled with particularity, meaning the specific facts as to who made the misrepresentation, and when and where it was made, must be alleged, under Rule 9(e) of the Federal Rules of Civil Procedure. Plaintiffs have made no specific allegations against Sunset or Mr. Naderi in the Complaint regarding fraud. Defendant Mr. Naderi is an individual, alleged only to be a shareholder of Sunset, and is protected by the concept of limited liability. No allegations of fraud or conspiracy are made against him personally. The action against him must be dismissed.

Plaintiffs also make no allegations that support a claim for civil conspiracy. There is no agreement to commit an unlawful act or common unlawful scheme alleged. Plaintiffs simply

allege that Intrax was an employment broker and that Sunset was an employer, a pool management company, that failed to pay overtime and provided poor accommodations. The Fair Labor Standards Act also preempts these common law claims.

Aside from these issues, Plaintiffs' claims are subject to arbitration, and this action must be dismissed or stayed pending arbitration, under the Federal Arbitration Act. The law is clear that where an arbitration clause is agreed to under a contract, third parties to the contract, involved in the same nucleus of allegations as a contract party such as Intrax, also must have their claims arbitrated.

## ARGUMENT

### I. STANDARD OF REVIEW

On a Motion to Dismiss, the "the court must accept as true all [of the plaintiff's] well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Alexis v. District of Columbia, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999), Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). Although the court must construe the complaint in the light most favorable to the non-moving party, it "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir. 1994). In addition, the court need not accept the plaintiff's legal conclusions as true. See Alexis, 44 F. Supp. 2d at 337. Documents attached to the Complaint are considered as part of the Complaint and are also considered in connection with a Motion to Dismiss. Simons v. Montgomery County Police Officers, 762 F.2d 30, 32 (4th Cir. 1985). Plaintiffs simply fail to plead any fraud allegations against Sunset and the Defendants.

3

Where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the documents negate the claim. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). If the plaintiff chooses to provide facts or documents, beyond a short and plain statement requirement, the "plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." Id. See Jefferson v. Ambroz, 90 F.3d 1291, 1296 (7th Cir. 1996) ("[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck--he has pleaded himself out of court.' "); R.J.R. Serv., Inc. v. Aetna Cas. and Sur. Co., 895 F.2d 279, 280 (7th Cir.1989) (holding a court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law.")

## II.     MR. NADERI IS AN IMPROPER DEFENDANT

### A.     MR. NADERI HAS NO LIABILITY AS A SHAREHOLDER

Mr. Naderi is alleged to be a shareholder of Sunset. Complaint, ¶10. Paragraph 10 contains the only specific reference to Mr. Naderi in the entire Complaint. Mr. Naderi undertook no personal liability in this matter, and made no representations personally. Plaintiffs do not allege otherwise. Plaintiffs ignore the concept of limited liability in simply naming Mr. Naderi individually as a defendant for Counts II and III.

The principle of limited liability is fundamental to corporate law. Connors v P& M Coal Co., 80 F.3d 1373, 1377 (D.C. Cir. 1986)(no personal liability of shareholder under ERISA); O'Hazza v. Executive Credit Corp., 246 Va. 111, 115, 431 S.E. 2d 318 (1993). A corporation has an independent legal existence, and imposing personal liability on a director or officer is an extraordinary act done only in limited circumstances. Combs v. Sun-Up Coal Co., 634 F. Supp.

13, slip op. at 12, 14 (D.D.C. 1985). There is no allegation against Mr. Naderi that would justify imposing liability on him. There is no specific allegation against him at all, other than that he is a shareholder of Sunset.

As an independent ground, there can be no personal liability for purely economic losses under the economic loss rule. Blake Construction Co. v. Alley, 233 Va. 31, 34, 353 S.E.2d 724, 726 (1987). There is no alleged privity between Mr. Naderi and Plaintiffs. Counts II and III against Mr. Naderi must be dismissed.

### B.   FRAUD IS NOT PROPERLY ALLEGED AGAINST MR. NADERI

#### 1.   There Is No Specific Reference to Mr. Naderi

Moreover, the Complaint makes no specific allegation of fraud against Mr. Naderi. The Complaint states that the Plaintiffs and Sunset entered into contracts. Count II simply says that "Defendants made or caused to be made representations regarding accommodations in the United States which they knew at the time were false and misleading." Complaint, ¶28. There is no reference to Mr. Naderi and no basis pled for fraud.

Even if failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud. Poth v. Russey, 281 F. Supp. 2d 814, 824-25 (E.D. Va. 2003).

On a completely separate but independent basis, it is difficult to determine how any economic damages were suffered. Presumably, if Plaintiffs, by their allegations, had actually visited their apartment, and determined they did not like it, they would not have come, and would not have made the monies they did while working in the United States.

#### 2.   Fraud Is Not Pled With Particularity

Under Federal Rule 9(e) fraud must be pled with particularity. Stowe Woodward, LLC v. Sensor Products, Inc., 230 F.R.D. 463, 465 (W.D. Va. 2005). The "who, what, where, when,"

allegations must be specific. The "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990); United States ex rel. Williams v. Martin-Baker Aircraft Co. Ltd., et al., 389 F.3d 1251,1256 (D.C. Cir. 2004)(upholding dismissal based on failure to connect accused individuals with fraudulent scheme); Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)(upholding dismissal of claims for failure to state fraud with particularity); see also, Stowe Woodward, LLC, supra; United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1383 (D.C. Cir. 1981)(dismissal for failure to state claim).

Plaintiffs lump together general allegations in its fraud count. Plaintiffs do not identify who allegedly made fraudulent statements as to accommodations, what was said at the time, or when they were made.

### 3. Plaintiffs' Complaint Refers to "Terms and Conditions" that Negate Any Possible Alleged Fraud

Fraud, which must be established by clear and convincing evidence, is comprised of five elements: (1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation. Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977), cert. denied, 434 U.S. 1034 (1978). Plaintiffs fail to allege these elements and all fraud allegations regarding housing are nullified by their own exhibits. At Exhibit 4 to Plaintiffs' Complaint, Plaintiffs attached a truncated version of the terms and conditions to which they agreed. At Exhibits 1 and 2 attached to Intrax's Memorandum, the full terms and conditions are attached. In that Agreement, Intrax specifies that "Intrax… makes no representations or guarantees regarding the nature or

6

quality of such housing." Exhibits 1 and 2 to Intrax Memorandum, page 9 of 12, Section 5. That contract, signed by Plaintiffs, negates any alleged reliance upon any representation as to housing, and thus the elements of fraud, particularly the "false representation" element, cannot be satisfied.

Intrax presented Plaintiffs with disclosures that discussed "dorm-like" accommodations. That is not even a clear statement of fact. A statement that something is dorm-like is subject to a wide variety of interpretation. Plaintiffs were not promised dormitory housing, and in fact their housing was dorm-like to the extent several persons shared one apartment.

### III. FRAUD AGAINST SUNSET FAILS FOR THE SAME REASONS IT FAILS AGAINST THE NADERIS

No specific claims of fraud are made against Sunset. Disclosures of dorm-like conditions were made by someone at Intrax, if at all. In addition, the fraud count is not pled with particularity, and makes no specific allegations of fraud, against Sunset. This Count must be dismissed against Sunset.

### IV. THE CIVIL CONSPIRACY COUNT FAILS BECAUSE PLAINTIFFS DO NOT ALLEGE ANY AGREEMENT BETWEEN SUNSET AND INTRAX, AND BECAUSE THE UNDERLYING TORT FAILS

#### A. Elements of Civil Conspiracy Are Not Alleged

Civil conspiracy has four elements: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." Weishapl v. Sowers, 771 A.2d 1014, 1023 (D.C. 2001).

It is thus not an independent action; it is, rather, a means for establishing vicarious liability for the underlying tort. Id. at 1024. Plaintiffs have not alleged any agreement between

7

Sunset and Intrax to commit any unlawful act or any act in an unlawful manner.  Also, any claims of civil conspiracy between Sunset and Mr. Naderi fail as a matter of law, because "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  Executive Sandwich Shoppe, Inc. v. Carr Realty Corp., 749 A.2d 724, 739 (D.C. 2000).

Further, "a cause of action for civil conspiracy must allege the formation and operation of the conspiracy, wrongful acts done in furtherance of the common wrongful scheme, and damages suffered as a result."  Higgs v. Higgs, 472 A.2d 875, 877 (D.C. 1984).  Apart from general allegations of unlawful acts purportedly committed by the defendants, Plaintiffs fail to allege any facts regarding the formation, operation or the overall common scheme of the alleged conspiracy. Plaintiffs also fail to allege any motive or subjective intent on the part of the Defendants as involved in pleading conspiracy.  Weishapl v. Sowers, 771 A.2d 1014, 1024 (D.C. 2001).

### 2. Where There Is No Fraud, There Is No Conspiracy

Lastly, civil conspiracy is a means of establishing vicarious liability and is dependent upon some underlying tortious act.  Executive Sandwich Shoppe, Inc., 749 A.2d at 738.  As already stated, Plaintiffs have not pleaded actionable fraud against Defendants, and has not pled actionable fraud with particularity at all, and thus there is no tort base for Plaintiffs' claim of civil conspiracy.

### 3. Conspiracy Cannot Be Based on an Alleged FLSA Violation

Authority also confirms that a claim of civil conspiracy does not lie for violation of a statutory claim such as an FLSA claim.  In Monsanto v. Electronic Data Sys. Corp., 141 A.D.2d 514, 529 N.Y.S.2d 512 (N.Y. App. Div. 1988), the court rejected a civil conspiracy claim alleging employment discrimination under the New York Human Rights Law, noting that the

"Human Rights Law is an action created by statute, which did not exist at common law, and therefore cannot give rise to tort liability." Id at 514.   The Court in Executive Sandwich Shoppe, Inc. v. Carr Realty Corp., 749 A.2d 724, 739 (D.C. 2000), citing Monsanto, suggested that civil conspiracy claims in the District did not exist for alleging conspiracies to violate statutory actions.

    **4.**    **The FLSA Preempts Common Law Claims**

Courts in other jurisdictions have found that the FLSA pre-empts state law civil conspiracy claims and other common law claims.  Choimbol v. Fairfield Resorts, Inc., 11 Wage & Hour Cas. 2d (BNA) 1660 (E.D. Va. 2006); see also Johnston v. Davis Security, Inc. 217 F.Supp.2d 1224 (D. Utah 2002).  The conspiracy (and fraud) claims must therefore be dismissed based on this reason alone.

    **V.**    **THE MATTER MUST BE ARBITRATED BASED ON PLAINTIFFS' CONTRACT WITH INTRAX**

Plaintiffs' claims against Sunset and Naderi must be arbitrated.   Non-signatories can invoke an arbitration clause in a contract when the claim against the non-signatory is intertwined with a claim against contract parties.  Sunkist Soft Drinks  v. Sunkist Growers, Inc., 10 F. 3d 753, 757 (11th Cir. 2000); McBro Planning & Dev. Co.  v. Triangle Electric Construction Co., 741 F.2d 342, 344 (11th Cir. 1984) ; International Paper Company v. Schwabedissen Machinen & Anlagen, GmbH, 206 F.3d 411, 418 (4th Cir. 2000).  Plaintiff alleges claims generally against Intrax and Sunset; the claims are necessarily intertwined.

The terms of Plaintiffs' contract with Intrax also require arbitration of their claims against Sunset.  The terms and conditions agreed by Plaintiffs require the arbitration of any claims "in any way arising out of, related to, or connected with, your participation in the Intrax program."

9

Page 11 of 12 of Terms and Conditions, Section 1 attached as Exhibit 1 to Defendant Intrax's Motion to Dismiss.  That language by its terms covers claims such as the tort and statutory claims pled here.

In addition, if the claims against Intrax are referred to arbitration, it makes no sense to try the claims against Sunset separately as a matter of judicial economy.  Under the principles set forth in the cited cases, a non-signatory can invoke an arbitration clause where the claims against it are intertwined with claims by a signatory.

Accordingly, the Court should dismiss this action under 9 U.S.C. §4 of the Federal Arbitration Act ("FAA"), which provides for this Court to compel arbitration where an arbitration agreement governs the dispute between the parties.   At least the Court should stay this action, under the Federal Arbitration Act.  9 U.S.C. §3.  Section 3 of the FAA provides that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  Id.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.  In the alternative, the matter should be dismissed or stayed pending arbitration.

Respectfully Submitted,

/s/  John J. Rigby
John J. Rigby
D.C. Bar No. 255539
McInroy and Rigby  L.L.P.

>2200 Wilson Boulevard
>Suite 800
>Arlington, VA  22201
>Tel:  703-841-1100
>Fax: 703-841-1161
>
>
> /s/ George R. A. Doumar
>George R. A. Doumar, Esq.
>D.C. Bar No:  415446
>George R. A. Doumar, PLLC
>2000 N. 14th Street
>Suite 210
>Arlington, VA 22201
>Tel: 703-243-3737
>Fax: 703-524-7610
>Email:gdoumar@
>doumarlawgroup.com
>
>Attorneys for the Defendants
>Sunset Pools Management,
>Inc. and Arash Naderi

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIROSLAV IVANOV,** | )<br>)<br>) |
| **VESELIN IVANOV** | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No.: 7-CV-00410<br>) Judge Leon<br>) |
| **SUNSET POOLS MANAGEMENT, INC. ET AL,** | )<br>)<br>) |
| Defendants. | )<br>) |

## <u>ORDER</u>

The Court, having reviewed Defendants' Motion To Dismiss Plaintiff's Complaint under Rule 12 (b)(6) of the Federal Rules of Civil Procedure, and any opposition and reply thereto, hereby [GRANTS such Motion, and ORDERS that Counts II and III of the Complaint be dismissed against Defendants Sunset Pools Management, Inc. and Arash Naderi][stays this action pending arbitration of the issues therein].

Date: _____            _____

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2007, I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system which will send notifications of each filing to the following counsel of record:

Mark Murphy, Esq.
Mooney Green Baker & Saindon, P.C.
1920 L Street, NW
Suite 400
Washington, D.C. 20036

Counsel for Plaintiffs

Joseph P. Harkins, Esq.
Littler Mendelson, P.C.
1150 17th Street, NW
Suite 900
Washington, DC 20036

Counsel for Defendant Intrax

I also caused a copy to be served by first-class mail on April 11, 2007, upon the following counsel of record:

Reuban Guttman, Esq.
Wolf, Haldenstein, Adler, Freeman & Herz, L.L.C.
1920 L Street, N.W., Suite 500
Washington, D.C. 20036

Kris Keegan, Esq.
10027 Sinnot Drive
Bethesda, MD 20817

Counsel for Plaintiffs

/s/ George R. A. Doumar
_____

George R. A. Dounar