UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV, et al., )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>SUNSET POOLS MANAGEMENT, INC., et al., )<br>)<br>Defendants. )<br>_____) | Case No. 07-cv-00410 RJL |

## ANSWER

Defendants Sunset Pools Management, Inc. ("Sunset Pools") and Arash Naderi, ("Mr. Naderi") through counsel, answer the Complaint by Plaintiffs Miroslav Ivanov and Veselin Ivanov as follows. All allegations not specifically admitted are denied.

1. Defendants admit Sunset Pools is in business and that it services and maintains swimming pools. Defendants admit that Plaintiffs bring the action for the claims alleged, but deny the validity of the claims. Defendants otherwise deny the allegations in the paragraph.

2. Defendants admit that Sunset Pools provided rental housing for Plaintiffs. Defendants otherwise deny the allegations in the paragraph.

3. Defendants admit that Plaintiffs sometimes worked more than 40 hours a week and that Plaintiffs are seeking overtime compensation in this case. Defendant deny that Plaintiffs were entitled to overtime compensation under the Fair Labor Standards Act ("FLSA"). Defendants otherwise deny the allegations in the paragraph.

4. Defendants admit that the Court has jurisdiction under 28 U.S.C. §1331 for the FLSA claim. Defendants otherwise deny the allegations of the paragraph.

5. Defendants admit that the District of Columbia may be an appropriate venue for this action. Defendants otherwise deny the allegations of the paragraph.

6. Defendants admit that Plaintiff Miroslav Ivanov was employed by Sunset Pools from approximately May, 2006 until approximately October, 2006. Defendant admit that Plaintiff sometimes worked more than 40 hours a week, but deny that Plaintiff was entitled to overtime compensation under the FLSA. Defendants have no information concerning Plaintiff's current address. Defendants otherwise deny the allegations of the paragraph.

7. Defendants admit that Plaintiff Veselin Ivanov was employed by Sunset Pools from approximately May, 2006 until approximately October, 2006. Defendant admit that Plaintiff sometimes worked more than 40 hours a week, but deny that Plaintiff was entitled to overtime compensation under the FLSA. Defendants have no information concerning Plaintiff's current address. Defendants otherwise deny the allegations of the paragraph.

8. Defendants admit that Intrax is an employer and admit that Intrax was involved in the recruitment of Plaintiffs. Defendants otherwise deny the allegations of the paragraph.

9. Defendants admit that Sunset Pools maintains a place of business at the address listed and that Sunset Pools offers swimming pool services. Defendants otherwise deny the allegations of the paragraph.

10. Defendants admit that Bita Naderi is the president of Sunset Pools and a shareholder in Sunset Pools. Defendants otherwise deny the allegations of the paragraph.

11. Defendants admit that Mr. Naderi is a shareholder in Sunset Pools. Defendants otherwise deny the allegations of the paragraph.

12. Defendants admit that Intrax is an employer and that Intrax was involved in recruiting Plaintiffs. Defendants otherwise deny the allegations of the paragraph.

13. Defendants admit that Sunset Pools provided prospective employees a brochure. Defendants otherwise deny the allegations of the paragraph.

14. Defendants admit that Sunset Pools informed Plaintiffs that they would be offered housing with shared living quarters and dorm like conditions. Defendants otherwise deny the allegations of the paragraph.

15. Defendants admit that Plaintiffs were charged rent for the housing that they rented. Defendants otherwise deny the allegations of the paragraph.

16.  Defendants admit that Sunset Pools informed Plaintiffs that they were not entitled to overtime compensation but deny that Plaintiffs were entitled to overtime compensation under the FLSA. Defendants otherwise deny the allegations of the paragraph.

17.  Defendants admit that employees of Sunset sometimes work more than 40 hours a week.  Defendants otherwise deny that allegations of the paragraph.

18.  Defendants admit that Sunset informed Plaintiffs that they were not entitled to overtime compensation, but deny that Plaintiffs were entitled to overtime compensation under the FLSA. Defendants otherwise deny the allegations of the paragraph.

19.  Defendants deny the allegations of the paragraph.

20.  Defendants admit that Plaintiffs were paid by Sunset Pools for hours worked over 40 in a workweek at their normal hourly rate.  Defendants deny that Plaintiffs were entitled to overtime compensation under the FLSA.

21.  Defendants admit that Plaintiffs are seeking to bring a collective action, but deny that a collective action is appropriate.  Defendants otherwise deny the allegations of the paragraph.

22.  Defendants admit that Plaintiffs are seeking an order from this Court for collective notice, but deny that such notice is appropriate.  Defendants otherwise deny the allegations of the paragraph.

23.  See Defendants' responses to paragraphs 1-22.

24. Defendants admit that the FLSA provides for overtime compensation, but deny that Plaintiffs are entitled to such overtime compensation. Defendants otherwise deny the allegations of the paragraph.

25. Defendants deny the allegations of the paragraph.

26. Defendants deny the allegations of the paragraph.

27. See Defendants' responses to paragraphs 1-26.

28. Defendants deny the allegations of the paragraph.

29. Defendants deny the allegations of the paragraph.

30. Defendants deny the allegations of the paragraph.

31. See Defendants' responses to paragraphs 1-30.

32. Defendants deny the allegations of the paragraph.

33. Defendants deny the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiffs were subject to one or more exemptions from overtime pay, including, without limitation, under 29 U.S.C. §213(a)(3) and 29 U.S.C. §213(b)(1).

2. Defendants acted in good faith and reasonably believed that their actions were in accordance with the Fair Labor Standards Act.

3. The act or omission complained of by Plaintiffs was in good faith conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation or administrative practice or enforcement policy of the Department of Labor and/or an equivalent agency.

4. Plaintiffs' claims are limited by the application of Section 4 of the Portal to Portal Act, 29 U.S.C. §254.

5. Plaintiffs' claims are limited by application of the <u>de minimis</u> rule established in <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 692 (1946).

6. One or more Defendants are entitled to a set-off for damages for breach of contract and/or torts by one or more Plaintiffs against one or more Defendants.

7. One or more Defendants are entitled to a set off because of damages caused by Plaintiffs' misuse and damages to the rental housing, which caused Sunset Pools to lose its security deposit

8. One or more Defendants are entitled to a set off because of damages caused by one or more Plaintiffs' actions in sexually harassing female employees of Sunset Pools by, without limitation, sending unwanted nude pictures of themselves to one or more female employees and sending sexually harassing e-mails to one or more female employees.

9. The case is not appropriate for a collective action.

10. The fraud claim is not specifically or adequately pled.

11. The conspiracy claim is not specifically or adequately pled.

12. The Complaint fails to state a claim upon which relief can be granted.

13. Claims by Plaintiffs and/or members of a purported collective action are limited or barred by the applicable statutes of limitations.

14. Payment.

15. Estoppel and/or waiver.

                              Respectfully submitted,

                              /s/ John J. Rigby
John J. Rigby, #255539
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

 /s/ George R.A. Doumar
George R.A. Doumar, #415446
George R.A. Doumar, PLLC
2000 N. 14th St., Suite 210
Arlington, Virginia 22201
(703) 243-3737
(703) 524-7610 (fax)
gdoumar@doumarlawgroup.com

Counsel for Defendants
Sunset Pools Management, Inc.
and Arash Naderi

CERTIFICATE OF SERVICE

I hereby certify that, on April 11, 2007, I caused the foregoing Answer to be electronically filed with he Clerk of the Court using the CM/ECF system which will send notifications of each filing to the following counsel of record.


Mark J. Murphy, Esq.
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036

Counsel for Plaintiffs

Joseph P. Harkins, Esq.
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036

Counsel for Defendant Intrax


I also caused a copy to be served by first-class mail on April 11, 2007, upon the following counsel of record:

Reuben Guttman, Esq.
Wolf, Haldenstein, Adler, Freeman & Herz, L.L.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036

Kris Keegan, Esq.
10027 Sinnot Drive
Bethesda, Maryland 20817

Counsel for Plaintiffs


                                                /s/John J. Rigby
                                                John J. Rigby