IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV, et al.<br><br>                **Plaintiffs**<br>     v.<br><br>SUNSET POOLS MANAGEMENT INC., et al.<br>                **Defendants** | No. 07-CV-00410 (RJL) |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
OR TO STAY PENDING ARBITRATION**

Plaintiffs, by their undersigned counsel, hereby submit their opposition to the motion to dismiss or to stay pending arbitration filed by Defendant Sunset Pools Management Inc. and Arash Naderi (collectively "Sunset Defendants"). As explained below, the Sunset Defendants' attempt to avoid liability for certain fraudulent statements and misrepresentations by suggesting that these statements were made by Defendant International Training and Exchange, Inc. ("Intrax") must fail. Despite the Sunset Defendants' effort to distance themselves from Intrax, the Complaint establishes an agency relationship between Sunset and Intrax and specifically alleges that Intrax recruited Plaintiffs from their native Bulgaria to work for Sunset in the United States. Moreover, the Sunset Defendants admit to making the statements alleged to be misrepresentations and fraudulent. Accordingly, the Sunset Defendants request to dismiss Plaintiffs' fraud claim should be denied.

The Sunset Defendants' suggestion that Plaintiffs fraud claim is not pled with sufficient particularly also must fail. A plain reading of the Complaint establishes the necessary basis for a fraud claim against the Sunset Defendants and Intrax. In addition, dismissal of Defendant Arash

Naderi is not appropriate. Mr. Naderi cannot merely invoke the niceties of corporate formalities to shield himself from liability, without some competent proof that the corporate form was respected. Such proof will, obviously, require the parties to conduct discovery, including the examination by deposition of Mr. Naderi and other representatives of Defendant Sunset Pools.[1]

The Sunset Defendants' request to stay this matter pending arbitration of Plaintiffs' claims is wholly without merit. As previously established in their opposition to Defendant Intrax's motion to dismiss and compel arbitration, the document Plaintiffs reviewed and signed with respect to the services to be provided by Intrax did not include an arbitration provision. This fact is fatal to the Sunset Defendants' request to stay these proceedings. Likewise, because the arbitration provision is both procedurally and substantively unconscionable, the Sunset Defendants' reliance on this provision is misplaced.

## RELEVANT FACTUAL BACKGROUND

In 2006, Plaintiffs - who are citizens of Bulgaria - were recruited by Defendants Intrax and Sunset Pools Management, Inc. ("Sunset") to come to the United States and work as lifeguards at hotel swimming pools located throughout the metropolitan Washington, D.C. area. See Complaint, at ¶¶ 1, 6, and 7. See also Answer to Complaint filed by Defendant Sunset, at ¶¶ 6-8 and ¶ 12.[2] Prior to their employment, Sunset informed Plaintiffs that if they accepted job

---

[1] Moreover, Mr. Naderi's attempt to avoid liability ignores the well settled law under the FLSA with respect to a corporate officer's liability for his company's failure to pay overtime to its employees. See Herman v. RSR Security Services, Ltd., 172 F.3d 132, 139-141 (2d Cir. 1999) (corporate officer found liable under FLSA for overtime violations); United States Dep't. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 778-79 (6th Cir. 1995) (same). In light of this case law, Mr. Naderi's request to dismiss the claims brought against him should be denied.

[2] In its Answer, Defendant Sunset admits many of the material facts with respect to Plaintiffs' claims against Sunset and Defendant Intrax. As such, references to those admissions

placements in America they would be placed in "shared" living quarters in a "dorm like" setting. See Sunset Answer, at ¶ 14. Defendant Intrax was also involved in the recruitment of Plaintiffs. See Sunset Answer, at ¶ 8. Upon arriving in the United States, Plaintiffs were placed in cramped quarters with five workers to a room, requiring them to sleep on mattresses placed on the floor. See Complaint, at ¶ 15. The Plaintiffs were employed by Defendants from approximately May, 2006 through October, 2006. See Complaint, at ¶¶ 6 and 7; Sunset Answer, at ¶¶ 6-8 and ¶ 12. During the period of their employment, Plaintiffs worked more than 40 hours per week. See Sunset Answer, at ¶¶ 3,6,and 7. Other similarly situated employees also worked more than 40 hours per week. See Sunset Answer, at ¶ 17. Plaintiffs were told by their employer that they were not entitled to be paid overtime pay pursuant to the provisions of the Fair Labor Standards Act ("FLSA"). See Sunset Answer, at ¶¶ 16, 18, 20. Plaintiffs were not paid overtime pay pursuant to the provisions of the FLSA for the weekly hours they worked over 40 hours. See Sunset Answer, at ¶ 20.

## ARGUMENT

The arguments advanced by the Sunset Defendants in their motion to dismiss or to stay the proceedings do not warrant an extensive response. Accordingly, Plaintiffs limit their opposition to the following five points:

First, Defendants argue that "[n]o specific claims of fraud are made against Sunset. Disclosures of dorm-like conditions were made by someone at Intrax, if at all." See Sunset Memorandum in Support of Motion to Dismiss, at 7. This claim is directly contrary to Sunset's Answer, which it filed with the Court at the same time that it filed the pending motion to dismiss.

---

are included in this factual summary when appropriate.

The Sunset Defendants' Answer states that "Defendants admit that Sunset Pools informed Plaintiffs that they would be offered housing with shared living quarters and **dorm like conditions**." See Answer of Sunset Defendants at, ¶ 14 (emphasis supplied). Accordingly, in light of this admission, their argument to the contrary must be disregarded.

Second, the suggestion by the Sunset Defendants that fraud has not been pled with the requisite particularity is also without merit. Plaintiffs' Complaint alleges that false representations were made with respect to the housing to be provided by Defendants. See Complaint, at ¶ 14. These false representations were made in order to induce Plaintiffs to travel from their home country of Bulgaria to the United States in order to work for Defendants. See Complaint, at ¶ 13. Plaintiffs further allege that Defendants "knew at the time of their representations that the housing was not in a dorm like setting." See Complaint, at ¶ 14. Plaintiffs unquestionably relied on these statements based upon the fact that they accepted the jobs offered by Defendants and traveled to the United States. See Complaint, at ¶ 15. Thus, based upon these allegations, the Complaint satisfies "the who, what, where, [and] when" requirements of a fraud allegation. See Sunset Defendants' Motion to Dismiss, at 5-6.[3]

Third, by their own admission, the Sunset Defendants establish that there exists a dispute with respect to a material fact that prevents this Court from granting their motion to dismiss. Specifically, the Sunset Defendants argue that "[a] statement that something is dorm-like is

---

[3]The Sunset Defendants cannot rely on a purported provision on the ninth page of the "Intrax Memorandum" that disclaims the quality of housing to be provided to Plaintiffs. See Sunset Motion to Dismiss, at 6-7. As Plaintiffs previously explained, they only received the first four pages of the Intrax agreement. See Plaintiffs' Opposition to Motion to Dismiss and Compel Arbitration, at 3-6. Thus, any housing disclaimer that may have appeared on a subsequent page of the Intrax Agreement is of no benefit to either Intrax or the Sunset Defendants.

subject to a wide variety of interpretation[s]." See Sunset Memorandum in Support of Motion to Dismiss, at 7. Plaintiffs do not disagree with this statement and submit that whether the housing conditions to which they were subjected could be viewed by a reasonable person as "dorm-like" is a question of fact to be resolved by a jury. Accordingly, this Court should deny the Sunset Defendants' motion to dismiss.[4]

Fourth, the Sunset Defendants' attempt to invoke an arbitration clause that Defendant Intrax claims was part of its agreement with Plaintiffs must fail for the reasons previously set forth in Plaintiffs' opposition to Intrax's motion to dismiss and compel arbitration. See Plaintiffs' Opposition Motion to Dismiss and Compel Arbitration. As discussed in the Plaintiffs' earlier filing, the document Plaintiffs reviewed and signed with respect to the services to be provided by Intrax did not include an arbitration provision. Id. at 3-6. Moreover, because the arbitration provision is procedurally and substantively unconscionable, it can not be enforced. Id. at 6-9. These arguments apply with equal force to the Sunset Defendants' attempt to invoke the Intrax arbitration provision.[5]

---

[4]The Sunset Defendants' position with respect to the statement concerning "dorm-like" housing also directly undercuts their argument that Plaintiffs' conspiracy claim should be dismissed. If it is determined that the statement was false and misleading, the allegations in the Complaint are more than sufficient to establish a conspiracy claim against the Sunset Defendants and Defendant Intrax. The Complaint alleges a scheme to induce Plaintiffs to travel to the United States to work for the Sunset Defendants based upon certain statements that are alleged to be false and misleading. Plaintiffs specifically allege that the Sunset Defendants and Intrax were parties to this scheme. See Complaint, at ¶¶ 12-15, 28-29. As such, the Sunset Defendants' request to dismiss Plaintiffs' conspiracy claim should also be denied.

[5]Plaintiffs incorporate by reference their previously filed opposition brief to Intrax's motion to dismiss and compel arbitration. They respectfully direct the Court's attention to the arguments made in that brief in response to the Sunset Defendants' request to stay this case. Because the arbitration provision should not be enforced, the motion to stay must be denied.

Fifth, and finally, the suggestion by the Sunset Defendants that Plaintiffs' common law claims are preempted should also be dismissed. The cases relied upon by the Sunset Defendants found common law claims to be preempted if those claims "essentially duplicate or are equivalent to the plaintiffs' respective FLSA claims." See Choimbal v. Fairfield Resorts, Inc, 2006 U.S. Dist. LEXIS 68225, at * 20. See also Johnston v. Davis Security, Inc., 217 F.Supp.2d 1224, 1228 (D. Utah 2002) (Plaintiff's common law claims are barred "as merely duplicative of her FLSA claims."). Here, Plaintiffs' fraud and conspiracy claims are not merely restatements of their overtime claim under the FLSA. Instead, the fraud and conspiracy claims are based upon the false statements and misrepresentations made by Defendants with respect to Plaintiffs' housing. See Complaint, at ¶¶ 28-30. Accordingly, Plaintiffs' fraud and conspiracy claims can stand alone and provide an independent basis for bringing suit against Defendants. As such, Plaintiffs' common law claims are not preempted by the FLSA.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss or to stay pending arbitration should be denied.

Respectfully submitted,

    /s/
Mark J. Murphy, Bar No. 453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Plaintiffs

Date:   April 20, 2007