## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MIROSLAV IVANOV**

**and**

**VESELIN IVANOV,**

      **Plaintiffs,**

      **v.**

**SUNSET POOLS MANAGEMENT, INC.
et al.,**

      **Defendants.**

**Case No. 07-CV-00410**
**Hon. Richard J. Leon**

### DEFENDANT INTERNATIONAL TRAINING AND EXCHANGE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

Defendant, International Training and Exchange, Inc. ("Intrax"), by counsel, submits this Reply to Plaintiffs' Opposition to Intrax's Motion to Dismiss and to Compel Arbitration in the above-captioned matter.

### INTRODUCTION

On March 27, 2007, Intrax filed a Motion to Dismiss and to Compel Arbitration ("Motion to Compel"). Before commencing employment with Defendant Sunset Pools Management, Inc. ("Sunset Pools"), the Plaintiffs both executed a Premium Placement Terms & Conditions Agreement ("Terms & Conditions") with Intrax. The Terms & Conditions explicitly require the Plaintiffs to arbitrate any claims arising out of their participation in the Intrax Work/Travel Premium Placement Program, which facilitated their employment with Sunset Pools.

On April 16, 2006, Plaintiffs filed their Opposition to the Motion to Dismiss and to

Compel Arbitration ("Opposition").  Notably, Plaintiffs do not dispute that they each signed the Terms & Conditions or that the claims asserted in this case fall within the scope of the arbitration provision.  Instead, Plaintiffs incorrectly allege that the arbitration provision is unenforceable because they were not presented with the entire agreement and that the arbitration provision is procedurally and substantively unconscionable.  However, as set forth below, Plaintiffs were in fact presented with the entire 12-page Terms & Conditions, and they cannot demonstrate that the Terms & Conditions are unconscionable.  Therefore, Intrax respectfully requests that the Court grant its Motion to Dismiss and to Compel Arbitration.

## I.  PLAINTIFFS WERE PROVIDED WITH THE COMPLETE AGREEMENT, INCLUDING THE ARBITRATION PROVISION.

In their Opposition, Plaintiffs claim that they were "never presented with any page that mentioned dispute resolution or mandatory arbitration."  Opposition, pg. 8.   To the contrary, before commencing employment with Sunset Pools, Plaintiffs were provided with Intrax's entire Terms & Conditions, which included the arbitration provision.

Because Intrax is based in the United States, it contracts with organizations in various countries to assist in the recruiting and screening of potential applicants for the work-travel program.  In Sofia, Bulgaria, Intrax has a contract with Zip Travel to assist with various tasks related to the placement of student applicants in temporary employment positions in the United States.  Declaration of Yana Simeonova, attached hereto as Exhibit 1.[1]  The contract between Intrax and Zip Travel expressly requires Zip Travel to interview, and clearly explain the Intrax Work Travel ("IWT") Program, to each applicant or participant in the IWT program, including,

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b), based on the exhibits attached to the Opposition and this Reply Brief, the Court may convert the Motion to Dismiss to a Motion for Summary Judgment.  See Fed. R. Civ. Pro. 12(b) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . ."); Evans v. Chase Manhattan Mortgage Corp., 2006 U.S. Dist. LEXIS 17069, * at 30 (D.D.C. March 27, 2006) (explaining that reliance on materials outside of the pleadings converts a motion to dismiss to a motion for summary judgment).

but not limited to Intrax's Terms and Conditions.  <u>See</u> Exhibit 1.  Among other requirements, the IWT Partner Handbook requires Zip Travel to review the Terms & Conditions with all program participants and obtain their signatures.  In accordance with the contract and IWT Partner Handbook, Zip Travel interviews and conducts English proficiency examinations of all job applicants and presents Intrax's Terms & Conditions to those accepted into the program and explains any provisions about which students have questions.  <u>See</u> Exhibit 1.

In accordance with these procedures, one of Zip Travel's Program Coordinators would have presented Plaintiffs with the complete Terms & Conditions, given them an opportunity to read and review the Terms & Conditions, and clarified and explained any provisions in the Terms & Conditions that the Plaintiffs had questions about, in both English and Bulgarian.  <u>See</u> Exhibit 1.  Indeed, as is standard procedure, Intrax received from Zip Travel two full and complete executed copies of the Terms & Conditions given to Veselin Ivanov and Miroslav Ivanov.[2]  All of Zip Travel's Program Coordinators are well versed in these policies and procedures and would not have deviated from them in the manner alleged by the Plaintiffs.  <u>See</u> Exhibit 1.  Plaintiffs' outlandish version of their interactions with Zip Travel at the time that they were presented with the Terms & Conditions is so contrary to procedure that it leads to the conclusion that they have reinvented the events in order to support their claims and avoid arbitration.  The self-serving nature of the Declarations, combined with their allegations of highly unorthodox conduct, discredits the Declarations.

## II.    <u>THE TERMS & CONDITIONS EXECUTED BY PLAINTIFFS ARE ENFORCEABLE.</u>

Plaintiffs seek to avoid arbitration by contending that the executed arbitration provisions are "unconscionable."  Opposition, pg. 7-9.  However, Plaintiffs' allegations do not establish

---

[2] Plaintiffs' executed Terms & Conditions are attached to Intrax's Motion to Dismiss as Exhibits 1 and 2.

unconscionability under District of Columbia law.  In the District of Columbia, one who signs a contract is ordinarily obligated by its provisions.  <u>Adams v. Am. Residential Servs., LLC</u>, 2003 U.S. Dist. LEXIS 26478, at *18 (D.D.C. May 8, 2003).  To avoid their obligation, Plaintiffs must show that the agreement was procured by fraud preventing the exercise of meaningful choice ("procedural unconscionability"), and that the agreement to arbitrate contain terms unreasonably favorable to Defendant ("substantive unconscionability").  <u>Id.</u> at 19-20, 23.  This Court has held that, "[w]ithout a prima facie showing that the contract itself or any item of it affronts the sense of decency, it is difficult to grant rescission on the grounds of unconsionability."  <u>Id.</u> at 19; <u>citing Bennett v. Fun & Fitness of Silver Hill, Inc.</u>, 434 A. 2d 476, 480 (D.C. 1981).  In addition, unless an "egregious situation" exists, a plaintiff must prove procedural *and* substantive unconscionability to avoid the enforcement of a contract.  <u>Adams</u>, 2003 U.S. Dist. LEXIS 26478, at * 19; <u>Urban Investments, Inc. v. Lillian Branham</u>, 464 A. 2d 93, 99 (D.C. 1983) (emphasis added).  Here,  Plaintiffs have failed to demonstrate procedural or substantive unconscionability.

## A.    There Is No Evidence Of Procedural Unconscionability.

In an apparent effort to avoid their obligations to arbitrate the instant claims, Plaintiffs raise a variety of common and self-serving excuses as to why the Terms & Conditions they executed are procedurally unconscionable.  Opposition, pg. 8.  Specifically, Plaintiffs allege that they were not provided the entire agreement, that the document was not provided to them in their native language and that, as a result, they had difficulty reading it, that they were given a short period of time to review the Terms & Conditions, that the representative told them that they were only required to sign the last page, and that their signatures were a "necessary formality." Opposition, pg. 8; Declarations of Miroslav Ivanov and Veselin Ivanov ("Declarations").[3]

Plaintiffs' allegations that their ability to understand English is somewhat limited and that

---

[3] As discussed in Section I, there is no merit to Plaintiffs' allegations that they were not provided the entire agreement.

they were not provided the Terms & Conditions in their native language does not undermine the legitimacy of the Terms & Conditions. These claims can only be viewed as disingenuous as their inability to understand English is isolated to the Terms & Conditions. For example, the Plaintiffs do not claim to have any difficulty reading or understanding the Zip Travel application or the Intrax Work/Travel Program application. Employment Applications for Veselin Ivanov and Miroslav Ivanov, attached hereto as Exhibits 2 and 3. Importantly, Plaintiffs completed both applications in English. In addition, in the applications, both Plaintiffs rated their knowledge of the English language as an "8" on a scale of 1 to 10, with 10 being "excellent." Id. In other words, Plaintiffs' own representations regarding their comprehension of the English language undermine their claim of procedural unconscionability. Moreover, prior to acceptance in the Intrax program, both Plaintiffs took an English proficiency assessment. Test Results for Veselin Ivanov and Miroslav Ivanov, attached hereto as Exhibits 4 and 5; see also Exhibit 1. Veselin Ivanov scored an 8 out of 10 on the examination and Miroslav Ivanov scored a 7 out of 10 on the examination. Id. Contrary to the allegations in Plaintiffs' Declarations, these scores reflect an understanding, familiarity, and competency with the English language. Therefore, Plaintiffs' allegations that their inability to understand English renders the Terms & Conditions procedurally unconscionable should fail.

In the Opposition, Plaintiffs also argue that they did not have sufficient time to consider the agreement and that they were "never offered any explanation or translation of the form." Opposition, pg. 8; Declarations. In their Declarations, Plaintiffs vaguely claim that they were given 3 to 4 minutes to review and sign the Terms & Conditions. However, Plaintiffs do not provide any evidence that they were forced to sign the paperwork within a specific amount of time. The fact is that no one at Zip Travel told Plaintiffs that they could not take the time to

review the Terms & Conditions before signing it, or that they could not take the Terms & Conditions home to review. In addition, Plaintiff Miroslav Ivanov admits in his Declaration that he did not read the Terms & Conditions. <u>See</u> Declaration for Miroslav Ivanov, ("My English proficiency is not at a level at which I would have understood the form completely and correctly *even if I ha[d] read it*") (emphasis added). Therefore, Plaintiffs have no one to blame but themselves for not reading the Terms & Conditions or for not taking more time with the Agreements.

In any event, these allegations are insufficient to establish procedural unconscionability. Importantly, Plaintiffs do not contend that they asked anyone to explain anything included in the Terms & Conditions, nor have they identified any duty that Intrax or Zip Travel had to explain either of these documents. In fact, the alleged failure to explain the Terms & Conditions to Plaintiffs does not effect its enforceability. Under District of Columbia law, there is no requirement that an employer explain or point out that an arbitration provision is included in the contract. <u>See</u> <u>Adams</u>, 2003 U.S. Dist. 26478, at *21; <u>see also</u> <u>Adams v. Merrill Lynch, Pierce, Fenner & Smith</u>, 888 F. 2d 696, 701 (10th Cir. 1989) (no duty to specially disclose that written agreement contained an arbitration clause). In other words, it was Plaintiffs' obligation to read – not Intrax or Zip Travel's obligation to explain – the Terms & Conditions and its arbitration provision.

Plaintiffs' failure to avail themselves of the resources that were available to them before signing the Terms & Conditions, such as reading the agreement or asking questions of the Zip Travel representative regarding any terms of the Agreement that they did not understand, cannot now be used to avoid arbitration. As noted by the courts, Plaintiffs' signatures on the contract signifies mutuality of assent and binds them to the contracts. <u>See</u> <u>Hughes v. CACI, Inc.</u>, 384 F.

Supp. 2d 89, 96 (D.D.C. 2005); Davis v. Winfield, 664 A. 2d 836, 838 (D.C. 1995). Therefore, Plaintiffs' signatures denote that they read and agreed to be bound by the Terms & Conditions, including the arbitration provision. If employees are able to be released from their obligations under arbitration agreements simply by not reading the agreement, these agreements will be rendered useless, and the strong public policy in favor or such agreements will have been conveniently circumvented. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985); Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 25 (1983); Booker v. Robert Half, Int'l, 315 F. Supp. 2d 94, 97 (D.D.C. 2004) (explaining that the Federal Arbitration Act ("FAA") enunciates a strong federal policy favoring arbitration, and requires courts rigorously to enforce agreements to arbitrate). Thus, Intrax must be permitted to rely on Plaintiffs' signatures as binding.

Finally, Plaintiffs' allegations that they were allegedly told that: (1) they only needed to sign the last page; and (2) that signing the form was a "*necessary* formality." are illogical at best. Opposition, pg. 8 (emphasis added). It is absurd that explaining to Plaintiffs where to sign the agreement and describing their signatures as "necessary" is evidence that their signatures were fraudulently procured. How else do contracts become executed? To the contrary, the Zip Travel representative indicated to them the importance of the Terms & Conditions. Therefore, these allegations also fail to demonstrate procedural unconscionability.

**B.    There Is No Substantive Unconscionability.**

Plaintiffs' claim that portions of the arbitration provision are substantively unconscionable also do not survive scrutiny. As a preliminary matter, the arbitration provision includes many of the safeguards endorsed by the courts to ensure that a plaintiff's statutory rights are protected. For example, in Cole v. Burns International Security Services, 105 F. 3d 1465,

1482-1483 (D.D.C. 1997), the Court identified a number of safeguards an arbitration agreement should include, such as: (1) a neutral arbitrator; (2) employee participation in the selection of a neutral arbitrator; (3) employee permission to be represented by counsel; (4) reasonable discovery; (5) a range of remedies similar to those available through litigation; and (6) judicial review.  In accordance with these safeguards, the arbitration provision included in the Terms & Conditions executed by Plaintiffs provides for a neutral arbitrator and for Plaintiffs to participate in his or her selection, and judicial review by "any court of competent jurisdiction of the federal or state courts of San Francisco County, California, USA."  In addition, the arbitration provision does not place any limitations on discovery or on the remedies available to Plaintiffs.  Therefore, Plaintiffs cannot demonstrate that its provisions are unreasonably favorable to Defendants.

In their Opposition, however, Plaintiffs allege that two portions of the arbitration provision are unconscionable.  Opposition, pg. 8-9.  First, Plaintiffs object to the provision that any arbitration will be held in San Francisco, California or, alternatively, that the participants to the arbitration may appear by telephone.  Plaintiffs fail to demonstrate that this provision is unreasonably favorable to Intrax.  The option to appear by telephone exists strictly for the benefit of the program participants who come to the United States from various countries around the world and ensures that all participants will be able to exercise their rights without incurring the expense of returning to the United States to do so.  In any event, it is only an option available to Plaintiffs and the arbitration provision in no way means that they are required to appear telephonically.  In addition, the San Francisco forum is not unreasonably favorable to Intrax. Because participants come from various countries – in this case, Bulgaria – and work in various locations across the United States, choosing San Francisco instead of the District of Columbia for the arbitration and requiring Plaintiffs to travel to San Francisco if they wish to appear in

person is a relatively minor inconvenience and is not substantively unconscionable.

Plaintiffs also allege that the fee portion of the arbitration provision, which states that "the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by such party, including attorney's fees" is objectionable. Intrax acknowledges that this Court has taken issue with arbitration agreements that obligate employees to pay arbitrator's fees. See Cole, 105 F. 3d at 1484-1485. Plaintiffs neglect to mention, however, that the arbitration provision explicitly states that "[a]ny dispute as to the reasonableness of such costs and expenses shall be determined by the arbitrator." Therefore, based on the express language of the provision, the arbitrator would be free to disregard or minimize the fee-shifting provision of the arbitration provision. Moreover, if the Court were to find this particular provision unenforceable, Plaintiffs presume erroneously that such an unenforceable term would invalidate the entire arbitration agreement. To the contrary, any term found unenforceable should be severed. That remedy would be consistent with the broad federal policy favoring arbitration in the FAA and with federal court precedent, which states:

> If we were to hold entire arbitration agreements unenforceable every time a particular term is held invalid, it would discourage parties from forming contracts under the FAA and severely chill parties from structuring their contracts in the most efficient manner for fear that minor terms eventually could be used to undermine the validity of the entire contract. Such an outcome would represent the antithesis of the 'liberal federal policy favoring arbitration agreements.'

Spinetti v. Service Corp. Int'l, 324 F. 3d 212, 221 (3rd Cir. 2003); see also Booker, 413 F. 3d at 83 ("District of Columbia law . . . allows courts to sever provisions in violation of public policy, while enforcing the remainder of the agreement").

Finally, it also bears noting that, in its Motion to Dismiss, Defendants Sunset Pools and Arash Nadari indicated that they are amenable to arbitrating Plaintiffs' claims. Motion to Dismiss, pg. 9-10. As explained in their Motion to Dismiss, non-signatories, like themselves,

can invoke an arbitration clause in a contract when the claim against the non-signatory is intertwined with a claim against contract parties.  Id. at 9, citing Sunset Soft Drinks v. Sunset Growers, Inc., 10 F. 3d 753, 757 (11th Cir. 2000); McBro Planning & Dev. Co. v. Triangle Electric Construction Co., 741 F. 2d 342, 344 (11th Cir. 1984); International Paper Company v. Schwabedissen Machinen & Anlagen, GMBH, 206 F. 3d 411, 418 (4th Cir. 2000).  Because all Defendants are willing to arbitrate, compelling arbitration in this case would also conserve judicial resources by allowing the entire matter to be resolved by arbitration.

## CONCLUSION

For the foregoing reasons, International Training and Exchange, Inc. respectfully requests that the Court dismiss this action and compel Miroslav Ivanov and Veselin Ivanov to submit their claims to arbitration pursuant to the provisions of the Premium Placement Participant Terms & Conditions.

Dated:  May 4, 2007                    Respectfully submitted,


/s/ Joseph P. Harkins
Joseph P. Harkins (Bar No. 394902)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400
202.842.0011 (fax)

Counsel for Defendant International Training
& Exchange, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2007, I electronically filed the foregoing Defendant International Training & Exchange, Inc.'s Reply to Plaintiffs' Opposition to Motion to Dismiss and to Compel Arbitration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Murphy, Esq.
Mooney Green Baker & Saindon, P.C.
1920 L Street, NW
Suite 400
Washington, DC  20036

Counsel for Plaintiffs

John J. Rigby, Esq.
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia  22201

George R.A. Doumar, Esq.
George R.A. Doumar, PLLC
2000 N. 14th Street, Suite 210
Arlington, VA  22201

Counsel for Defendants Sunset Pools
Management, Inc. and Arash Naderi

The following were served a copy of the foregoing Defendant International Training & Exchange, Inc.'s Reply to Plaintiffs' Opposition to Motion to Dismiss and to Compel Arbitration by first-class, U.S. Mail, postage prepaid:

Reuben Guttman, Esq.
Wolf Haldenstein Adler
Freeman & Herz, LLC
1920 L Street, NW
Suite 400
Washington, DC  20036

Kris Keegan, Esq.
10027 Sinnott Drive
Bethesda, MD  20817

Counsel for Plaintiffs


/s/ Joseph P. Harkins
Joseph P. Harkins

# EXHIBIT
# 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIROSLAV IVANOV

and

VESELIN IVANOV,

       Plaintiffs,

       v.

SUNSET POOLS MANAGEMENT, INC.
et al.,

       Defendants.

Case No. 07-CV-00410
Hon. Richard J. Leon

## DECLARATION OF YANA SIMEONOVA

1.    I, Yana Simeonova, am a resident of the State of Massachusetts, am over 18 years of age, and am competent to give testimony.

2.    I am currently employed by defendant International Training and Exchange, Inc. ("Intrax") as a Placement Director. I was previously employed by Zip Travel as the Program Manager and managed the Program Departments in Zip Travel's five Bulgaria offices, including the two offices in Sofia, Bulgaria. At the time, I resided in Blagoevgrad, Bulgaria. In my capacity as Program Manager, my duties included overseeing the four Program Coordinators that worked in the Sofia offices, who worked with Bulgarian students applying for and participating in the Intrax work-travel program in the United States. In this capacity, I was familiar with the practices and procedures of Zip Travel in accepting applications and preparing students for the work-travel program.

3.    Zip Travel had and has a contract with Intrax to assist with various tasks related to the placement of student applicants in temporary employment positions in the United States. In relevant part, Zip Travel interviews and conducts English proficiency examinations of all job applicants, and once students are accepted into the program, presents to the students, including Miroslav Ivanov and Veselin Ivanov, Intrax's Premium Placement Participant Terms and Conditions ("Terms & Conditions"). Only after the students are given an opportunity to read and review the Terms &

Conditions and to ask questions regarding the Terms & Conditions would we ask the students to sign and accept the Terms & Conditions.

4.  In December 2005, Veselin Ivanov and Miroslav Ivanov came to the Zip Travel office to apply for the work-travel program, and to have their English language proficiency assessed.

5.  One of my four Program Coordinators, Raya Gugutkova, met with both Veselin Ivanov and Miroslav Ivanov, and conducted an English proficiency assessment. True and correct copies of Veselin Ivanov and Miroslav Ivanov's applications and interview results, including the results of their English proficiency assessment, are attached hereto as Exhibits A and B. As the Exhibits reflect, Veselin Ivanov scored an 8 out of 10 on the examination, and Miroslav Ivanov scored a 7 out of 10 on the examination. These scores reflect an understanding, familiarity, and competency with the English language.

6.  At the time she conducted the interviews of Veselin and Miroslav Ivanov, Ms. Gugutkova had worked for Zip Travel for approximately 2-3 years. Ms. Gugutkova, as well as my three other Program Coordinators, was well-versed in the policies and procedures of Zip Travel. I had complete faith and confidence in the abilities of all four Program Coordinators to conduct student interviews, assess student English proficiency, explain the Terms & Conditions to students, and otherwise fulfill their job duties.

7.  After they were accepted to the travel program, Veselin Ivanov and Miroslav Ivanov, as all other students participating in the program, were sent the 12-pages Terms & Conditions via electronic mail and presented with the 12-page Terms & Conditions at the Zip Travel office, which included the arbitration provision. The Program Coordinator presenting said Terms & Conditions to the students would have provided the students with an opportunity to read and review every portion of the Terms & Conditions, in order to ensure that they clearly understood those terms, and would have answered any questions the students had regarding the Terms & Conditions. Insofar as students are often in a rush to simply be accepted to the program and travel to the United States, my Program Coordinators were instructed to, and in every instance I can recall did, explain any provision of the Terms & Conditions that the students had questions about slowly and thoroughly (in both English and Bulgarian), in order to ensure the students understood those terms, and their potential impact.

8.  I cannot imagine any one of my Program Coordinators blatantly ignoring Zip Travel's policy of presenting the entire 12-page Terms & Conditions to the students and of answering any questions that students have regarding the Terms & Conditions. I cannot fathom any Program

Coordinator with whom I worked, and whose job abilities and dedication I know well, merely having a student sign such an important document without giving a copy of that agreement to the student. Indeed, I can't imagine any student applicant with whom I ever worked merely signing a signature page without asking to see the document that they were signing.

9. I declare under the penalty of perjury that the foregoing is true and correct.

Yana Simeonova

Firmwide:82420656.1 054310.1005

# EXHIBIT A

## In person interview report & level test _Veselin, Ivanov_

(First Name, Last Name)

*To the interviewer: The purpose of this form is to determine the participant's abilities in program performance. It is an important tool to place participants in positions suitable for their proficiency. Therefore, it is important that you be frank and accurate in your rating. Rating a participant higher than his or her actual ability could result in severe problems for the student and host company and could result in their inability to complete the program. So please take great care to interview and fill out the form accurately.*

## 1. English – Speaking and Understanding Conversation (Please check one)

_✓_ **Advanced:**　　　**9** –Absolute proficiency in English or possesses near fluency;

　　　　　　　　　　**8** - students can understand and communicate in English;

____ **Conversational: 7** - Student understands most conversation and the responses are not perfect but come naturally;

　　　　　　　　　　**6** - student needs to think before responding but speaking ability is good;

____ **Low Intermediate : 5** - Student can carry on a basic conversation, make mistakes but is understandable

　　　　　　　　　　**4** – Student understands more than he/she can communicate;

____ **Poor** (not eligible for WT): **3** - Student understands a few words or phrases but no sentence thoughts

　　　　　　　　　　**2** - Speaking ability is limited to a few words or phrases.

## 2. Adaptability and Motivation
Describe the student's ability to adapt to new situations, especially to various work conditions:

_____

_____

_____

## 3. Experience
Evaluate the student's experience in relation to the summer temporary jobs in the U.S.

_____ Excellent _____ Good _____ Fair _____ Poor

## 4. Personality
List the student's three outstanding job related qualities:

1) _Organized_

2) _Motivated_

3) _Experienced_

**Overall Level:** (Please circle one)　　1　　　　2　　　　3　　　　4　　　（5）

　　　　　　　　　　　　　　**Poor**　　　　　　　　　　　　　　　　　　**Excellent**

**Name of Interviewer**　　　　　　　　　　**Raya Gugutkova**
**Title or Capacity (Relationship to student**　　**Program Coordinator**
**Tel:**　　+359 2986 92 60　　　　　　　　**Email:**　　rg@ziptravel.bg

To my best knowledge, I have made a fair and accurate assessment of the participant's program level test. The interview was held at:

Interviewer's Signature : _____　　Date: _5 – December – 2006_

# EXHIBIT B

# In person interview report & level test  _Miroslav, Ivanov_

(First Name, Last Name)

*To the interviewer: The purpose of this form is to determine the participant's abilities in program performance. It is an important tool to place participants in positions suitable for their proficiency. Therefore, it is important that you be frank and accurate in your rating. Rating a participant higher than his or her actual ability could result in severe problems for the student and host company and could result in their inability to complete the program. So please take great care to interview and fill out the form accurately.*

## 1. English – Speaking and Understanding Conversation (Please check one)

____ **Advanced:**    9 - Absolute proficiency in English or possesses near fluency;

            8 - students can understand and communicate in English;

_V_ **Conversational:** 7 - Student understands most conversation and the responses are not perfect but come naturally;

            6 - student needs to think before responding but speaking ability is good;

____ **Low Intermediate : 5** - Student can carry on a basic conversation, make mistakes but is understandable

            4 – Student understands more than he/she can communicate;

____ **Poor (not eligible for WT): 3** - Student understands a few words or phrases but no sentence thoughts

            **2** - Speaking ability is limited to a few words or phrases.

## 2. Adaptability and Motivation

Describe the student's ability to adapt to new situations, especially to various work conditions:

_The student has helped his family._

## 3. Experience

Evaluate the student's experience in relation to the summer temporary jobs in the U.S.

____ _V_ Excellent _____ Good _____ Fair _____ Poor

## 4. Personality

List the student's three outstanding job related qualities:

1) _Enthusiastic_
2) _Organized_
3) _Responsible_

**Overall Level:** (Please circle one)    1       2       3       4       ⑤

                           **Poor**                                        **Excellent**

**Name of Interviewer**                        *Raya Gugutkova*
**Title or Capacity (Relationship to student**      *Program Coordinator*
**Tel:**    +359 2986 92 60                    **Email:**    rg@ziptravel.bg

**To my best knowledge, I have made a fair and accurate assessment of the participant's program level test.
The interview was held at:**

Interviewer's Signature : _____    Date: _02, 12, 2005_

EXHIBIT
2

# Application Form 2005/2006            ZIP Youth & Student Travel

**Please complete the application form and return it at least on the interview date. Please be precise, because all this information will be used by ZIP Tavel in the future.**

**Personal information**

First name _Veselin Veselinov_

Family name _Ivanov_

Date of birth _28.04.1983_  Passport number _____

Family Status _Single_                                   Children _____

Postal address _Druzba-2", bl 214 ent B app 29_   City _Sofia_

Contact telephone No (include area code) _02/ 799522_   Mobile _0888 08 7337_

E-mail(s) winter email _v-veselin@global.bg_ summer email _____

Parents address _Druzba -2', bl 214, ent.8 ap.29_ City _Sofia_

Parents telephone No _0885 730 988_

Emergency contact _0888 08 73 37_
                                        (Name; Telephone No)
University/Employer _University of Library science_ Faculty _____

Year of study/work _first_

Have you ever been on another exchange program **Yes** / **No**    When?_____

Which was your sponsoring organization and agency in Bulgaria? _____

Have you ever applied for US/UK visa? /circle one or both, if applicable/  **Yes**  **No**

When?_____

Was visa issued? **Yes** **No**

If yes, what was the purpose of your visit?_____

Have your parents been in US/UK?  **Yes** **No**    If yes, how long have they been there? _____

/circle one or both, if applicable/

---

**Please evaluate your knowledge of English:**

1  2  3  4  5  6  7  **8**  9  10
poor                                       excellent

---

**Your personality**

◊ Why do you want to participate in this program? _Because I love to visit new places and meet new people_

◊ How do you feel about working in a group? _I feel perfect and enjoy the work in team_

◊ Why do you think, you are right candidate for exchange program? What are your strongest traits?
_Because I'm young smart and I love challenges_

**Research questions**
- ◆ How did you hear about ZIP Travel?

From my friend Mikeslav

Office use only
1.
2.
3.

- ◆ How did you hear about
ZIP Travel programs?

From my friend Mireslav, he told me about you

Office use only
1.
2.
3.

◇Why did you choose ZIP Travel?
a. Good price
b. Because ZIP assists in finding a job
c. I chose ZIP by chance
d. Because I like the service
Other/please, specify/_____

◇Have you tried to apply/ applied in other agencies?
a. If *Yes*, which? _____
b. No
◇What did you like/ didn't like in other agencies? _____

---

**Medical history**

Are you good in health?     Yes     No _____

Any physical limitation     Yes     No (if yes please specify) _____

Do you have any allergies? Yes     No (if yes please specify) _____

Do you consume alcoholic beverages?     Daily     Weekly     Seldom     Never

Do you smoke?     Yes     No     Occasionally

Have you ever been arrested?  Yes     No     (if yes a detail explanation must be enclosed)

---

I, hereby, agree that the information given above is accurate and correct. I agree, that ZIP Travel will use this information for future program purposes.

I am aware that fraudulent or incorrect presentation of information may lead to my dismissal from the any of ZIP Travel programs, which mean the cancellation of the contract and the loss of advanced payment for the program.

Name *Veselin Ivanov*

Signature _____

Date _____

### Intrax Work/Travel Program

*Please complete the following application for the Independent or Premium Placement Service. Please remember that participants must be 18 - 28 years old, currently enrolled in a university outside the United States and able to speak, read and understand English. Participants may only apply to visit the United States during their summer break from school.*

**Personal Information**

Family Name: _VANOV_

First Name: _Veselin_

Middle Name: _Veselinov_

Gender: ☒ Male   ☐ Female

Birth Date (month/day/year): _04/29/1983_

Address Line #1: _Drujba-2 bl 214 ent. 6 app-29_

Address Line #2: _____

City: _Sofia_   State or Province: _____

Postal Code _____ Country: _Bulgaria_

City of Birth: _Sofia_

Country of Birth: _Bulgaria_

Nationality: _Bulgarian_

Citizenship: _Bulgarian_

Phone: country code _+359_ city code _02_ number _888087337_

E-mail: _veselin_vianov@abv.bg_

Emergency Contact: _____

Emergency Phone: country code _+359_ city code _02_ number _794623_

Have you participated in the J-1 Work/Travel Program before? ☐ Yes   ☒ No

Earliest Date You Can Start Working (month/day/year): _05/25/2006_

Latest Date You Can Work (month/day/year): _09/25/2006_

*Please note that actual Job Start and Job End dates will be determined by the employer, but the Program End Date on the DS-2019 will be 4 months from the Job Start Date or the end of the season, whichever is shorter.*

University Name: _University science of Library and information technologies_

Field of Study: _Information technologies_

English Level: (Basic/Conversational/Fluent) _Conversational_

Please tell us why you want to participate in the Intrax Work/Travel Program: _____
_I want to travel and see new people_

**Comments or Requests** *(work interest, location interest, interest in participating with a friend, etc.):*

_____

_____

_____

*Although we do our best to grant your requests, we cannot guarantee that we will be able to do so.*

How did you hear about Intrax Work/Travel? _by friend_

*Please make sure the information on this form is correct. If you submit incorrect information, and it invalidates the DS-2019 form, you may have to pay an additional $150 for a replacement DS-2019 form.*

Date: _06.12.2005_   Signature: _____

**Intrax Work/Travel**
2226 Bush Street, San Francisco, CA 94115 USA

EXHIBIT
3

# Application Form 2005/2006          ZIP Youth & Student Travel

**Please complete the application form and return it at least on the interview date. Please be precise, because all this information will be used by ZIP Tavel in the future.**

## Personal information

First name _Miroslav Petrov Ivanov_

Family name _Ivanov_

Date of birth _24.05.1985_ Passport number _____

Family Status _single_ Children _—_

Postal address _"Sveta Troica" H. 132, ent.V, ap.52_ City _Sofia_

Contact telephone No (include area code) _02/920 42 66_ Mobile _0896 578297_

E-mail(s) winter email _vvlesta+@abv.bg_ summer email _____

Parents address _"Sveta Troica" H.132, ent.V ap.52_ City _Sofia_

Parents telephone No _02/920 42 66     0888 336 183_

Emergency contact _Miroslav Ivanov  0896 578297_

University/Employer _University of Library Sience_ Faculty _____
_(Name; Telephone No)_

Year of study/work _first V_

Have you ever been on another exchange program **Yes (No)** When? _____

Which was your sponsoring organization and agency in Bulgaria? _____

Have you ever applied for US/UK visa? /circle one or both, if applicable/ **Yes (No)**

When? _____

Was visa issued? **Yes (No)**

If yes, what was the purpose of your visit? _____

Have your parents been in US/UK? **Yes (No)** If yes, how long have they been there? _____

/circle one or both, if applicable/

---

## Please evaluate your knowledge of English:

1   2   3   4   5   6   7   (8)   9   10
poor                                      excellent

---

## Your personality

◇ Why do you want to participate in this program? _Because I love to travel around the world, and this is good opportunity to visit USA_

◇ How do you feel about working in a group? _I feel perfect, I don't have a problems to work with other people_

◇ Why do you think, you are right candidate for exchange program? What are your strongest traits? _Because I'm a student, I'm not lasy and it will be a pleasure for me to work in other country with other people_

**Research questions**
- How did you hear about ZIP Travel?

From my friend Ralitsa

<table>
<tr><td colspan="2">Office use only</td></tr>
<tr><td>1.</td><td></td></tr>
<tr><td>2.</td><td>Ralitsa Kostova</td></tr>
<tr><td>3.</td><td></td></tr>
</table>

- How did you hear about ZIP Travel programs?

From my friend Ralitsa she was in USA with ZIP Travel last year

<table>
<tr><td colspan="2">Office use only</td></tr>
<tr><td>1.</td><td></td></tr>
<tr><td>2.</td><td></td></tr>
<tr><td>3.</td><td></td></tr>
</table>

◊ Why did you choose ZIP Travel?
a. Good price
(b.) Because ZIP assists in finding a job
c. I chose ZIP by chance
(d.) Because I like the service
Other/please, specify/_____

◊ Have you tried to apply/ applied in other agencies?
a. If *Yes*, which? _____
(b.) No
◊ What did you like/ didn't like in other agencies? _____

---

**Medical history**

Are you good in health?    (Yes)    No _____
Any physical limitation    Yes    (No) (if yes please specify) _____
Do you have any allergies? Yes    (No) (if yes please specify)_____
Do you consume alcoholic beverages?    Daily    Weekly    (Seldom)    Never
Do you smoke?    Yes    (No)    Occasionally
Have you ever been arrested? Yes    (No)    (if yes a detail explanation must be enclosed)

---

**I, hereby, agree that the information given above is accurate and correct. I agree, that ZIP Travel will use this information for future program purposes.**

**I am aware that fraudulent or incorrect presentation of information may lead to my dismissal from the any of ZIP Travel programs, which mean the cancellation of the contract and the loss of advanced payment for the program.**

Name _Miroslav Ivanov_
Signature_____
Date _____

*Intrax Work/Travel Program*

Please complete the following application for the Independent or Premium Placement Service. Please remember that participants must be 18 - 28 years old, currently enrolled in a university outside the United States and able to speak, read and understand English. Participants may only apply to visit the United States during their summer break from school.

**Personal Information**

Family Name: _Ivanov_

First Name: _Miroslav_

Middle Name: _____

Gender:    ☒ Male    ☐ Female

Birth Date (month/day/year): _05/24/1985_

Address Line #1: _Sveta Troica", bl. 132, ext. V, app 52_

Address Line #2: _____

City: _Sofia_          State or Province: _____

Postal Code _____ Country: _Bulgaria_

City of Birth: _Sofia_

Country of Birth: _Bulgaria_

Nationality: _Bulgarian_

Citizenship: _Bulgarian_

Phone: country code _359_ city code _2_  number _920 4266_

E-mail: _vvlestat @ hotmail.com_

Emergency Contact: _____ _Petyo Ivanov_

Emergency Phone: country code _359_ city code _2_ number _920 4266_

Have you participated in the J-1 Work/Travel Program before?    ☐ Yes    ☒ No

Earliest Date You Can Start Working (month/day/year): _05/25/2006_

Latest Date You Can Work (month/day/year): _09/25/2006_

Please note that actual Job Start and Job End dates will be determined by the employer, but the Program End Date on the DS-2019 will be 4 months from the Job Start Date or the end of the season, whichever is shorter.

University Name: _University for Library science and Information technologies_

Field of Study: _Information technologies_

English Level: (Basic/Conversational/Fluent) _✓ Conversational_

Please tell us why you want to participate in the Intrax Work/Travel Program: _Because I love to trave around the world and the program is good opportunity for me to visit USA. I want to improve my language skills, too_

**Comments or Requests** (work interest, location interest, interest in participating with a friend, etc.):

_____

_____

_____

Although we do our best to grant your requests, we cannot guarantee that we will be able to do so.

How did you hear about Intrax Work/Travel? _From my friend Radka Kostova_

Please make sure the information on this form is correct. If you submit incorrect information, and it invalidates the DS-2019 form, you may have to pay an additional $150 for a replacement DS-2019 form.

Date: _6.12.2005_                    Signature: _____

# EXHIBIT
# 4

## In person interview report & level test _Veselin, Ivanov_

(First Name, Last Name)

*To the interviewer: The purpose of this form is to determine the participant's abilities in program performance. It is an important tool to place participants in positions suitable for their proficiency. Therefore, it is important that you be frank and accurate in your rating. Rating a participant higher than his or her actual ability could result in severe problems for the student and host company and could result in their inability to complete the program. So please take great care to interview and fill out the form accurately.*

### 1. English – Speaking and Understanding Conversation (Please check one)

___✓ **Advanced:**        9 - Absolute proficiency in English or possesses near fluency;

⑧ - students can understand and communicate in English;

____ **Conversational:** 7 - Student understands most conversation and the responses are not perfect but come naturally;

6 - student needs to think before responding but speaking ability is good;

____ **Low Intermediate :** 5 - Student can carry on a basic conversation, make mistakes but is understandable

4 – Student understands more than he/she can communicate;

____ **Poor (not eligible for WT):** 3 - Student understands a few words or phrases but no sentence thoughts

2 - Speaking ability is limited to a few words or phrases.

### 2. Adaptability and Motivation
Describe the student's ability to adapt to new situations, especially to various work conditions:

_____
_____
_____

### 3. Experience
Evaluate the student's experience in relation to the summer temporary jobs in the U.S.
_____ Excellent _____ Good _____ Fair _____ Poor

### 4. Personality
List the student's three outstanding job related qualities:
1) Organized _____
2) Motivated _____
3) Experienced _____

**Overall Level:** (Please circle one)    1        2        3        4        ⑤

Poor                                    Excellent

**Name of Interviewer**                    *Raya Gugutkova*
**Title or Capacity (Relationship to student**    *Program Coordinator*
**Tel:**    +359 2986 92 60                **Email:**    rg@ziptravel.bg

To my best knowledge, I have made a fair and accurate assessment of the participant's program level test.
The interview was held at:

Interviewer's Signature : _____    Date: _5 - December - 2005_

EXHIBIT
5

# In person interview report & level test _Miroslav, Ivanov_

(First Name, Last Name)

*To the interviewer: The purpose of this form is to determine the participant's abilities in program performance. It is an important tool to place participants in positions suitable for their proficiency. Therefore, it is important that you be frank and accurate in your rating. Rating a participant higher than his or her actual ability could result in severe problems for the student and host company and could result in their inability to complete the program. So please take great care to interview and fill out the form accurately.*

## 1. English – Speaking and Understanding Conversation (Please check one)

_____**Advanced:**   9 - Absolute proficiency in English or possesses near fluency;

   8 - students can understand and communicate in English;

__V__ **Conversational:** 7 - Student understands most conversation and the responses are not perfect but come naturally;

   6 - student needs to think before responding but speaking ability is good;

_____ **Low Intermediate :** 5 - Student can carry on a basic conversation, make mistakes but is understandable

   4 – Student understands more than he/she can communicate;

_____ **Poor (not eligible for WT):** 3 - Student understands a few words or phrases but no sentence thoughts

   2 - Speaking ability is limited to a few words or phrases.

## 2. Adaptability and Motivation
Describe the student's ability to adapt to new situations, especially to various work conditions:

_The student has helped his family._

## 3. Experience
Evaluate the student's experience in relation to the summer temporary jobs in the U.S.
___V___ Excellent _____ Good _____ Fair _____ Poor

## 4. Personality
List the student's three outstanding job related qualities:
1) _Enthusiastic_
2) _Organised_
3) _Responsible_

**Overall Level:** (Please circle one)    1    2    3    4    (5)

   **Poor**                    **Excellent**

**Name of Interviewer**                **Raya Gugutkova**
**Title or Capacity (Relationship to student**    **Program Coordinator**
**Tel:    +359 2986 92 60**            **Email:    rg@ziptravel.bg**

To my best knowledge, I have made a fair and accurate assessment of the participant's program level test. The interview was held at:

Interviewer's Signature : _____    Date: _02, 12, 2005_