IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV ) | |
| ) | |
| VESELIN IVANOV ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No.: 7-CV-00410 |
| ) | |
| SUNSET POOLS MANAGEMENT, INC. ) | |
| ET AL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6), AND TO DISMISS OR STAY PENDING ARBITRATION**

**SUMMARY RESPONSE TO OPPOSITION**

Defendants Sunset Pools Management, Inc. ("Sunset") and Arash Naderi ("Mr. Naderi," and together with Sunset, "Defendants"), file this Reply in Support of Motion to Dismiss under Rule 12(b)(6), and also for dismissal or stay pending arbitration, under the Federal Arbitration Act.

**Fraud Is Not Specifically Pled**. As to fraud, Plaintiffs make no specific, detailed allegations in the Complaint that anyone at Sunset communicated with them or made any misrepresentations prior to their arriving here. There is no basis for fraud, especially against Mr. Naderi. Plaintiffs smear Mr. Naderi only because he is a shareholder. Plaintiffs have not

1

alleged fraud or conspiracy against him personally. The action as against him must be dismissed. Mr. Naderi and Sunset seek dismissal of Counts II and III.

**Conspiracy Also Does Not Work**. Without an underlying tort, there can be no conspiracy. No subjective intent, an element of conspiracy, is pled. Plus, the conspiracy count is preempted.

**Mr. Naderi Is Not a Proper Defendant in Either Tort Count.** Plaintiffs make no veil-piercing allegations, but avoid that inconvenient fact and allege that Mr. Naderi must prove the corporate form was respected. Corporate shareholders cannot be sued in such a cavalier fashion, simply because a corporation is named as a defendant. Plaintiff does not make any veil-piercing allegations, and cannot make any such allegations consistent with Rule 11.

**Preemption of Common Law Claims Applies**. Also, common law claims based on the same underlying facts are preempted. Plaintiffs cannot allege overtime claims, and then allege a conspiracy to violate overtime laws, as they do here.

**Arbitration Is Required, And Plaintiffs' Own Arguments Confirm That There Can Be No Fraud under Any Theory**. In any case, because another Defendant, International Training and Exchange, Inc. ("Intrax"), has filed a Motion to Dismiss and compel arbitration, and the complaints against Intrax are intertwined with those against Defendants, this matter should be dismissed or at least stayed pending arbitration. Defendant Intrax has addressed the allegations regarding arbitration and Plaintiffs selectively cite their agreements. Plaintiffs took courses in English, completed job applications in English, and apparently understood provisions in their agreements well enough to attach them to the Complaint. They now feign inability to speak English as to unfavorable provisions.

Plaintiffs worked in this country for months, took life saving classes here, and thus must have spoken passable English. Speaking English was a prerequisite of their employment. Based on Plaintiffs' own allegations, if they did not speak English, they could not have reasonably relied on any written information in English supplied by Sunset. But based on Plaintiffs' own arguments in their opposition, the Court must dismiss Plaintiffs' fraud claims, because if they did not speak English, they could not have relied on promises they did not understand. The Court must dismiss Count II for fraud, for this reason, in addition to the other reasons set forth herein.

## ARGUMENT

### I. FRAUD IS NOT PROPERLY ALLEGED AGAINST EITHER DEFENDANT

For fraud to be pled correctly under Federal Rule 9(b), it must be pled with particularity. The claimant must plead with particularity the circumstances of the fraud, namely the time, place, and content of the false representations as well as the misrepresented fact. United Stated ex rel. Fisher v. Network Software Assoc., 227 F.R.D. 4, 16 (D.D.C. 2005). Plaintiff cites one generalized statement, as to one possible statement, in the answer, but that does not satisfy the requirement as to any specific allegations of the elements of fraud.

Plaintiffs make only a general allegation in their Complaint that "Defendants made or caused to be made representations regarding accommodations in the United States which they knew at the time were false and misleading." Complaint, ¶28. Plaintiffs do not identify who allegedly made fraudulent statements as to accommodations. Further, Plaintiffs do not identify what was said at the time, or when these allegedly fraudulent statements were made. No specific claims of fraud are made against Sunset. In addition, the fraud count is not pled with

particularity, and makes no specific allegations of fraud, against Sunset. This Count must be dismissed against Sunset.

To the extent Plaintiffs base their fraud claims on the discussion of "dorm-like" accommodation, this is not a statement of fact, but at best an ambiguous statement subject to varying interpretations. Plaintiffs admit the purported representation was indeed ambiguous. Vague statements are not an adequate basis for pleading fraud. Levinson v. Mass. Mut. Life Ins. Co., 2006 U.S. Dist. LEXIS 83397 (E.D. Va. 2006). Defendants hotly dispute Plaintiffs' view of the facts. But even accepting those facts as true, there is no fraud. If Plaintiffs were promised one bedroom apartments, with no more than two people per apartment, that would represent verifiable factual statements that could be shown to be false. Atraqchi v. GUMC Unified Billing Services, 788 A.2d 559 (D.C. 2002). That is not the case here.

Simply because a statement of opinion about dorm-like accommodation was made in a brochure does not suggest that such statement is fraudulent or a misrepresentation. Nor does such statement mean that Plaintiffs would have relied on such a small fact, in the context of an opportunity to work in the United States. It is absurd for Plaintiffs to claim they would not have taken the opportunity to work in the United States unless the housing was better. Plus, Plaintiffs actually are claiming that they would have foregone income, so there are no damages.

That there is no allegation that Plaintiffs ever complained about their accommodations while in the United States confirms that this was just a trumped up reason to bring a lawsuit months after Plaintiffs returned home.

## II. THE CIVIL CONSPIRACY COUNT FAILS AS TO BOTH DEFENDANTS

### A. Elements of Civil Conspiracy Are Not Alleged

Civil conspiracy has four elements: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." Weishapl v. Sowers, 771 A.2d 1014, 1023 (D.C. 2001).

There are no factual allegations of conspiracy against Defendants. Plaintiffs do not claim otherwise. Plaintiffs also fail to address the absence of any motive or subjective intent on the part of the Defendants as required in pleading conspiracy. Weishapl, supra, at 1024.

### 2. There Is No Conspiracy Without An Underlying Tortious Act

Conspiracy is not a separate, independent tort. It is an aggravating factor, in connection with an underlying tort, but is not an independent cause of action. See Halberstam v. Welch, 227 U.S. App. D.C. 167 (DC Cir. 1983)(holding that since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable, it is a means for establishing vicarious liability for the underlying tort). Thus, an independent count for conspiracy cannot stand.

As previously stated herein, Plaintiffs have not pled actionable fraud against Defendants, and have not pled actionable fraud with particularity at all. Without a fraud claim, there is no tort basis for Plaintiffs' claim of civil conspiracy.

## III. MR. NADERI IS AN INDIVIDUAL AND IS PROTECTED BY LIMITED LIABILITY

Plaintiffs plead no basis in the Complaint for holding shareholders liable for acts of the corporation. There are no veil piercing allegations in the Complaint. Given the concept of

5

limited liability, courts have noted the importance of pleading piercing the corporate veil and the necessary supporting facts. Even under the liberal pleading standards of Federal Rules of Civil Procedure 8(e), a plaintiff must plead facts sufficient to show that these elements are satisfied. Alter v. Bogoricin, 1997 WL 691332, 5 (S.D.N.Y.1997) (liberal pleading requirements not met where plaintiff did not allege facts sufficient to demonstrate that defendants disregarded corporate form and misused the corporation for [defendants'] personal ends). There are no such facts pled here.

Paragraph 10 of the Complaint contains the only specific reference to Mr. Naderi in the entire Complaint where he is alleged to be a shareholder of Sunset.

### IV. PREEMPTION APPLIES BECAUSE THE FACTUAL UNDERPINNING OF THE COMMON LAW CLAIMS IS THE SAME AS THE FLSA CLAIMS

The FLSA has a broad preemptive effect, and where the same facts and circumstances underpin both FLSA claims and common law claims, the common law claims must be dismissed. Johnston v. Davis Security, Inc. 217 F.Supp. 2d 1224 (D. Utah 2002). Plaintiffs' own Count III alleges a conspiracy to violate the overtime laws. Plaintiffs cannot "circumvent the exclusive remedy provided by Congress" by claiming a conspiracy. Choimbol v. Fairfield Resorts, Inc., 11 Wage & Hour Cas. 2d (BNA) 1660 (E.D. Va. 2006). One of the dismissed counts in Choimbol was conspiracy to violate the overtime laws, identical to the claim alleged by Plaintiff. (See Part III: discussion). In related statutory contexts, the U.S. Supreme Court has interpreted Congressional statutes to preempt broadly any related or similar state law common law claims. Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004). The same factual pattern underlines all of Plaintiffs' claims.

V.  **PURSUANT TO PLAINTIFFS' CONTRACTS WITH INTRAX THE MATTER MUST BE ARBITRATED**

    A.  **The Contracts Are Clear**

The terms and conditions agreed by Plaintiffs require the arbitration of any claims "in any way arising out of, related to, or connected with, your participation in the Intrax program." Page 11 of 12 of Terms and Conditions, Section 1 attached as Exhibit to Defendant Intrax's Motion to Dismiss. That language by its terms covers the claims in the Complaint. The Plaintiffs had an opportunity to read the contract before signing.

    B.  **Plaintiffs Spoke Good English, As They Took Tests in English and Worked in English**

Plaintiffs raise a novel issue, namely that despite that English proficiency was a part of their job requirement, despite that they were working with English speakers, they in fact, allegedly, did not speak English. Of course, contracts for work in the United States are in English. As demonstrated by the reply of Intrax, plaintiffs completed various forms, in English, attesting to their proficiency in English. Plaintiffs spoke and read English at an advanced level. Babak Kiani Declaration, attached hereto. Obtaining a position with Sunset requires proof of advanced English proficiency. See exhibits to Intrax reply. Sunset performed an interview with the Plaintiffs prior to their arrival in Washington, D.C., in English, at which time their proficiency in the language was established. Babak Kiani Declaration, attached hereto. In addition to Sunset's rigorous testing of the Plaintiffs' English skills, they also passed a written

life guard exam in English in the United States.  Id.  Thus, the Plaintiffs clearly understood English at an advanced level, and any claims to the contrary are patently false.[1]

Accordingly, the Court should dismiss this action under 9 U.S.C. §4 of the Federal Arbitration Act ("FAA"), which provides for this Court to compel arbitration where an arbitration agreement governs the dispute between the parties.  Specifically, Section 3 of the FAA provides that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  Id.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.  In the alternative, the matter should be dismissed or stayed pending arbitration.

Respectfully Submitted,

/s/  John J. Rigby
John J. Rigby
D.C. Bar No. 255539
McInroy and Rigby
2200 Wilson Boulevard
Suite 800
Arlington, VA  22201
Tel:  703-841-1100
Fax: 703-841-1161
jrigby@mcinroyrigby.com

 /s/ George R. A. Doumar
George R. A. Doumar, Esq.

---

[1] Defendant INTRAX further responds to Plaintiffs' baseless attacks on the arbitration clause in their Reply to Plaintiffs' Opposition to Defendant Intrax's Motion to Dismiss, and we respectfully direct the Court's attention to those arguments.

        D.C. Bar No:  415446
George R. A. Doumar, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
Tel: 703-243-3737
Fax: 703-524-7610
Email:gdoumar
@doumarlawgroup.com

Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May 2007, I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system which will send notifications of each filing to the following counsel of record:

Mark Murphy, Esq.
Mooney Green Baker & Saindon, P.C.
1920 L Street, NW
Suite 400
Washington, D.C. 20036

Counsel for Plaintiffs

Joseph P. Harkins, Esq.
Littler Mendelson, P.C.
1150 17th Street, NW
Suite 900
Washington, DC 20036

Counsel for Defendant Intrax

I also caused a copy to be served by first-class mail on May 11, 2007, upon the following counsel of record:

Reuban Guttman, Esq.
Wolf, Haldenstein, Adler, Freeman & Herz, L.L.C.
1920 L Street, N.W., Suite 500
Washington, D.C. 20036

Kris Keegan, Esq.
10027 Sinnot Drive
Bethesda, MD 20817

Counsel for Plaintiffs

/s/ George R. A. Doumar
_____

George R. A. Doumar

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV, et al<br><br>Plaintiffs,<br><br>v.<br><br>SUNSET POOLS MANAGEMENT, INC. ET AL,<br><br>Defendants. | Civil No.: 7-CV-00410 |

### DECLARATION OF BABAK KIANI

I, Babak Kiani, declare as follows, pursuant to 28 U.S.C. §1746:

1. I am Babak Kiani, a regional manager for Sunset Pools Management, Inc.

2. I remember the plaintiffs, Miroslav and Veselin Ivanov, in this matter. I remember in particular they sent pictures of parties they had at their apartment, including alcohol and lots of other people, including people staying over, and some pictures of them not wearing much clothes.

3. I interviewed them in Bulgaria, in English. They spoke good English. They took the regular CPR/lifeguard class in Arlington, in English, and had regular lifeguard duties. See CPR certifications and pool operators' license attached. All our lifeguards have to be proficient in English, and plaintiffs spoke English well. They passed written lifeguard exams in English, worked in English, and took lifeguard classes in English. Like me, they spoke English with an accent, but they spoke fluently.

*BK*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON MAY 11, 2007 IN ARLINGTON, VA.

*[signature]*

BABAK KIANI



**Pool Operator**

VESELIN IVANOV
Issued date: 9/7/2006
Expiration: 9/6/2009
ID Number: 37220-2006-0

HEALTH DEPARTMENT
Prince George's County
Environmental Health

Jack B. Johnson
County Executive



American Red Cross
Together, we can save a life

This recognizes that
**VESELIN IVANOV**
has completed the requirements for
**LIFEGUARD TRAINING AND FIRST AID**
conducted by
**Sunset Pools**
Date completed    05/23/2006
The American Red Cross recognizes this certificate as valid for 3 year(s) from completion date.

American Red Cross
Together, we can save a life

This recognizes that
**VESELIN IVANOV**
has completed the requirements for
**CPR FOR THE PROFESSIONAL RESCUER**
conducted by
**Sunset Pools**
Date completed    05/23/2006
The American Red Cross recognizes this certificate as valid for 1 year(s) from completion date.









This recognizes that
**MIROSLAV IVANOV**
has completed the requirements for
**LIFEGUARD TRAINING AND FIRST AID**
conducted by
**Sunset Pools**
Date completed    05/23/2006
The American Red Cross recognizes this certificate as valid for  3  year(s) from completion date.



This recognizes that
**MIROSLAV IVANOV**
has completed the requirements for
**CPR FOR THE PROFESSIONAL RESCUER**
conducted by
**Sunset Pools**
Date completed    05/23/2006
The American Red Cross recognizes this certificate as valid for  1  year(s) from completion date.

American Red Cross

Together, we can save a life

This recognizes that

**MIROSLAV IVANOV**

has completed the requirements for

**CPR FOR THE PROFESSIONAL RESCUER**

conducted by

**Sunset Pools**

Date completed **05/23/2006**

The American Red Cross recognizes this certificate as valid for 1 year(s) from completion date.

American Red Cross

Together, we can save a life

This recognizes that

**MIROSLAV IVANOV**

has completed the requirements for

**LIFEGUARD TRAINING AND FIRST AID**

conducted by

**Sunset Pools**

Date completed **05/23/2006**

The American Red Cross recognizes this certificate as valid for 3 year(s) from completion date.