UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MIROSLAV IVANOV, *et al.*,          )
                                    )
       **Plaintiff,**          )
                                    )
v.                                  )
                                    )   Civ. Action No. 07cv410 (RJL)
SUNSET POOLS MANAGEMENT             )
INC., *et al.*,                     )
                                    )
       **Defendants.**         )

## MEMORANDUM OPINION
(November 28, 2007)[#3,7,10]

Miroslav and Veselin Ivanov have sued Sunset Pools Management, Inc. ("Sunset"), Bita and Arash Naderi (the owners of Sunset), and International Training and Exchange, Incorporated ("Intrax"), alleging fraud, civil conspiracy, and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(2)(C). Currently before the Court are the defendants' motions to dismiss or to compel arbitration. Upon review of the evidence in the record and the relevant caselaw, defendants' motions to dismiss will be GRANTED as to Arash and Bita Naderi but DENIED as to Intrax and Sunset. Defendants' motion to compel arbitration will likewise be DENIED.

## I. BACKGROUND

Intrax, is an international staffing firm that recruits foreign citizens for "work-travel" opportunities in the United States. Complaint, ¶ 1,8. Among Intrax's clients is

1

Sunset, a pool management company that employs young people from abroad to work as lifeguards throughout the Washington, D.C. area. *Id* at ¶ 1.

In 2006, Intrax recruited the plaintiffs, both Bulgarian citizens, to travel to the United States and work at Sunset. *Id* at ¶ 6-9. Although promised a "vacation-like atmosphere" in a "dorm-like" setting, plaintiffs were relegated to sleeping on the floors of rooms crowed with as many as five workers each and often required to work more than 60 hours per week without overtime pay. *Id* at ¶ 13-16.

Disappointed with their uncomfortable experience, the plaintiffs have sued Intrax, Sunset and the Naderis, alleging violations of the Fair Labor Standards Act (Count I), fraud (Count II) and civil conspiracy (Count III).[1] Defendants, in turn, have moved to dismiss or to compel arbitration. For the following reasons, the motion to dismiss will be GRANTED as to the Naderis. Because genuine issues of material fact remain to be resolved as to the claims against the other defendants, however, defendants' motion to dismiss these claims, or to compel arbitration, will be DENIED.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that

---

[1] Plaintiffs have brought this action on behalf of themselves and other employees similarly situated pursuant to 29 U.S.C. § 216(b). Compl. ¶ 21. The plaintiffs seek an order from the Court "providing for the appropriate notice to be given" to those employees similarly situated, so that they may consent in writing to become party plaintiffs, as required by § 216(b).

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C.Cir.1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). In ruling on a motion to dismiss, the Court will liberally construe the plaintiff's complaint, but will not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

Plaintiffs have sued the Naderis alleging that they were aware of and sanctioned the alleged unlawful conduct at issue. Defendants have moved to dismiss these claims arguing that plaintiffs failed to serve Bita Naderi and that Arash Naderi is a mere shareholder of Sunset and, therefore, cannot be held individually liable for claims against the company. For the following reasons, the Court agrees.

## A. CLAIMS AGAINST BITA NADERI

Pursuant to Rule 4(m), a court may dismiss an action without prejudice if a defendant is not served within 120 days of the filing of the complaint. F.R.C.P. 4(m). Here, there is no evidence that Bita Naderi was ever served, nor any explanation as to why there is no proof of service in the record. As more than 120 days have elapsed since the filing of the complaint[2], defendants' motion to dismiss the claims against Bita Naderi is GRANTED.

---

[2] Plaintiffs filed their complaint on February 28, 2007. Accordingly, service should have been effected by June 28, 2007.

3

**B. CLAIMS AGAINST ARASH NADERI**

As to the claims against Arash Naderi, under District of Columbia law, "'the general rule is that a corporation is regarded as an entity separate and distinct from its shareholders.'" *Lawlor v. District of Columbia*, 758 A.2d 964 (D.C. 2000)(quoting *Vuitch v. Furr*, 482 A.2d 811, 815 (D.C. 1984)) (citations omitted). As a result, a party seeking to pierce the corporate veil must prove "by affirmative evidence that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetuate fraud or wrong.'" *Id*. To determine whether the corporation and shareholder have abused the corporate form, courts weigh several factors, including: whether they have commingled "funds, staff, and property; whether a single shareholder dominates the corporation, whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud." Id. (citation omitted). "The inquiry ultimately turns on whether the corporation is, in reality, 'an alter ego or business conduit of the person in control.'" *Id.* (quoting *Labadie Coal Co. v. Black*, 672 F.2d 92, 97 (D.C. Cir. 1982)).

Here, although there is no question that Arash Naderi is a part-owner of Sunset, plaintiffs have not established that Sunset was a mere alter ego of Mr. Naderi. Indeed, plaintiffs have not alleged that Mr. Naderi failed to adequately capitalize Sunset, that he and Sunset commingled funds, nor that he personally made use of the company to perpetuate a fraud. In fact, plaintiffs have failed to offer *any* specific allegations of Mr. Naderi's misuse of the corporate form. As a result, the Court finds no basis for piercing

the corporate veil and, therefore, no basis for holding Mr. Naderi personally liable for the alleged harms. Accordingly, defendants' motion to dismiss the claims against Arash Naderi will be GRANTED.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss the claims against Arash and Bita Naderi will be GRANTED. Defendants' motions to dismiss the claims against all other defendants or to compel arbitration will be DENIED.

RICHARD J. LEON
United States District Judge