UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV<br><br>and<br><br>VESELIN IVANOV,<br><br>   Plaintiffs,<br><br>   v.<br><br>SUNSET POOLS MANAGEMENT, INC. et al.,<br><br>   Defendants. | Case No. 07-CV-00410<br>Hon. Richard J. Leon |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
<u>INTERNATIONAL TRAINING AND EXCHANGE, INC.</u>**

  Defendant, International Training and Exchange, Inc. ("Intrax" or "Defendant"), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Complaint of named Plaintiffs Miroslav Ivanov and Veselin Ivanov, and other individuals who have or may file "opt-in" forms, or who may be considered members of any relevant class or sub-class (collectively, "Plaintiffs").

<u>**ANSWER**</u>

  Defendant answers below the allegations in Plaintiffs' Complaint in paragraphs that correspond to the paragraphs in Plaintiffs' Complaint, without waiving the subsequent affirmative defenses.

1.      Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, as well as fraud and civil conspiracy claims. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint. Accordingly, these allegations are denied.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint. Accordingly, these allegations are denied.

4.      Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' FLSA claim. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits that the District of Columbia may be an appropriate venue for this action. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits that it was involved in the recruitment of Plaintiff Miroslav Ivanov to work for Sunset Pools. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint. Accordingly, these allegations are denied.

7.      Defendant admits that it was involved in the recruitment of Plaintiff Veselin Ivanov to work for Sunset Pools. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint. Accordingly, these allegations are denied.

8. Defendant admits that it was involved in the recruitment of Plaintiffs to work for Sunset Pools. Defendant denies the remaining allegations of this paragraph, including that Intrax is a statutory employer, as defined by and interpreted under 29 U.S.C. § 203(d), as to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint. Accordingly, these allegations are denied.

9. On information and belief, Defendant admits that Sunset Pools maintains a place of business at the address stated and that Sunset Pools offers swimming pool services. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint. Accordingly, these allegations are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint. Accordingly, these allegations are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. Accordingly, these allegations are denied.

12. Defendant admits that it recruits individuals, such as Plaintiffs, to work for Sunset Pools, among many other employers. Defendant denies the remaining allegations of this paragraph, including that Intrax is a statutory employer, as defined by and interpreted under 29 U.S.C. § 203 (d), as to Plaintiffs.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that it informed Plaintiffs that they would be offered housing with shared living quarters and dorm-like conditions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint. Accordingly, these allegations are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. Accordingly, these allegations are denied.

16. Defendant admits that Plaintiffs were provided with a job description based on information provided by Sunset Pools and that the job description states that Plaintiffs are not entitled to overtime. Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint. Accordingly, these allegations are denied.

18. Defendant admits that Sunset's job description states that, "this is a seasonal business and is not required by law to pay overtime wages." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint. Accordingly, these allegations are denied.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint. Accordingly, these allegations are denied.

21. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant admits that Plaintiffs seek an order from this Court providing a collective notice, but deny that such a notice is appropriate. Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendant incorporates its responses to paragraphs 1-22 of the Complaint as if set forth in full herein.

### COUNT I

24. Defendant admits that, under certain conditions, the FLSA provides for overtime pay for some employees. To the extent that a further response is required, Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

### COUNT II

27. Defendant incorporates its responses to paragraphs 1-26 of the Complaint as if set forth in full herein.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

### COUNT III

31. Defendant incorporates its responses to paragraphs 1-30 of the Complaint as if set forth in full herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## JURY TRIAL DEMAND

Defendant admits that Plaintiffs demand a jury trial, but denies that they are entitled to one.

To the extent not expressly admitted above, Defendant denies the allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Each of the Counts of the Complaint fails to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the putative class of allegedly similarly-situated persons.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for by the FLSA, 29 U.S.C. § 213. This defense also may apply to the claims of some or all of the putative class of allegedly similarly-situated persons.

### THIRD DEFENSE

To the extent that the period of time referred to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in the FLSA, 29 U.S.C. §255(a), such claims are time barred. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

### FOURTH DEFENSE

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statute as cited in the Complaint, and

Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the putative class of allegedly similarly-situated persons.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of the FLSA, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense also may apply to the claims of some or all of the putative class of allegedly similarly-situated persons.

### SIXTH DEFENSE

There are no or an insufficient number of employees of Defendant who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b), to maintain this action as a collective action or otherwise. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

### SEVENTH DEFENSE

Defendant was never Plaintiffs' employer, as defined by, and interpreted under, 29 U.S.C. § 203(d). This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

### EIGHTH DEFENSE

Defendant was never Plaintiffs' joint employer, as defined by, and interpreted under 29 U.S.C. § 203(d). This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

**NINTH DEFENSE**

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiffs to falsely report their hours; and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs. This defense also may apply to the claims of some or all of the putative class of allegedly similarly-situated persons.

**TENTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the equitable doctrines of waiver. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to recover attorney's fees or costs. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

**TWELFTH DEFENSE**

To the extent that Plaintiffs seek relief that is equitable in nature, that relief should be denied on the grounds that they have acted in a manner that makes the granting of equitable relief inappropriate. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

**THIRTEENTH DEFENSE**

Plaintiffs' fraud claim is not specifically or adequately pled; nor is it legally sufficient as to Defendant.

**FOURTEENTH DEFENSE**

Plaintiffs' conspiracy claim is not specifically or adequately pled; nor is it legally sufficient s to Defendant.

**FIFTEENTH DEFENSE**

Plaintiffs' tort claims for fraud and misrepresentation, and civil conspiracy, to the extent that they hinge on a showing of an FLSA violation, are preempted by the Fair Labor Standards Act.

**SIXTEENTH DEFENSE**

Defendant reserves the right to assert further affirmative defenses as appropriate. This defense also may apply to the claims of some or all of the putative class of allegedly similarly situated persons.

WHEREFORE, Defendant, Intrax, Inc., prays for judgment against Plaintiffs as follows:

1. For an order dismissing Plaintiffs' claims with prejudice, and entering judgment in favor of Defendant and against Plaintiffs;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with the defense of this matter;

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

LITTLER MENDELSON, P.C.


_____/s/_____
Joseph P. Harkins (Fed. Bar No. 14007)
Steven E. Kaplan (Fed. Bar No. 492408)
1150 17th Street, N.W.
Suite 900
Washington, DC  20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile

Counsel for Defendant International Training & Exchange, Inc.


Dated:  December 13, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2007, I electronically filed the foregoing Defendant International Training & Exchange, Inc.'s Answer to Plaintiffs' Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mark Murphy, Esq.
> Mooney Green Baker & Saindon, P.C.
> 1920 L Street, NW
> Suite 400
> Washington, DC  20036
>
> Counsel for Plaintiffs
>
> John J. Rigby
> McInroy & Rigby, L.L.P.
> 2200 Wilson Blvd, Suite 800
> Arlington, Virginia 22201
>
> George R.A. Doumar
> George R.A. Doumar, PLLC
> 2000 N. 14th Street, Suite 210
> Arlington, Virginia 22201
>
> Counsel for Defendants Sunset Pools Management, Inc. and Arash Naderi

The following were served a copy of the foregoing Answer by first-class, U.S. Mail, postage prepaid:

> Reuben Guttman, Esq.
> Wolf Haldenstein Adler
> Freeman & Herz, LLC
> 1920 L Street, NW
> Suite 400
> Washington, DC  20036

Kris Keegan, Esq.
10027 Sinnott Drive
Bethesda, MD 20817

Counsel for Plaintiffs

                     /s/ Joseph P. Harkins
                     Joseph P. Harkins