IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIROSLAV IVANOV, et al.**<br><br>**Plaintiffs**<br>v.<br><br>**SUNSET POOLS MANAGEMENT INC., et al.**<br>**Defendants** | No. 07-CV-00410 (RJL) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiffs, by their undersigned counsel, hereby submit their Motion for Summary Judgment. As demonstrated in the attached Memorandum of Points and Authorities in support of their Motion for Summary Judgment, Plaintiffs are entitled to the relief requested because Defendant Sunset Pools Management, Inc. and Defendant International Travel and Exchange, Inc. are employers as that term is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) and, as such, Defendants are jointly and severally liable for their failure to pay Plaintiffs and other similarly situated individuals appropriate overtime pay as required by the FLSA.

          Respectfully submitted,

          _____/s/_____

          Mark J. Murphy, Bar No. 453060
          Mooney, Green, Baker & Saindon, P.C.
          1920 L Street, N.W., Suite 400
          Washington, DC 20036
          (202) 783-0010
          (202) 783-6088 - fax

          Counsel for Plaintiffs

Date: February 5, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV, et al.<br><br>**Plaintiffs**<br>v.<br><br>SUNSET POOLS MANAGEMENT INC., et al.<br>**Defendants** | No. 07-CV-00410 (RJL) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Plaintiffs, by their undersigned counsel and in support of their motion for summary judgment, respectfully submit their statement of material facts as to which there is no genuine issue.

1. Defendant Sunset Pools Management Inc. ("Sunset") is in the business of, *inter-alia*, servicing and maintaining swimming pools for established institutions including prestigious hotels in the Metropolitan Washington, DC area. See Complaint, at ¶¶ 1, 9.

2. Defendant International Training and Exchange, Inc. ("INTRAX") recruited Plaintiffs for a job with Defendant Sunset in the Washington, D.C. metropolitan region. See Complaint, at ¶ 8.

3. In the course of recruiting Plaintiffs for employment in the United States, Defendant INTRAX provided Plaintiffs with a "Job Description Document" setting forth the terms and conditions of their prospective position. See Complaint, at Exhibit 4.

4. In its Job Description Document, Defendant INTRAX specifically stated that Plaintiffs would not be entitled to overtime pay. Id.

5. In connection with its recruitment and placement services, Defendant INTRAX required Plaintiffs to abide by a number of requirements in order to maintain their employment status in the United States. See Defendant's Motion to Dismiss and to Compel Arbitration, filed by INTRAX, at Exhibit 1, p. 6. Among these conditions, Plaintiffs were required to attend an orientation meeting upon their arrival in the United States. Id. INTRAX also required Plaintiffs to advise the Company if they changed their living address while staying in the United States. Id. at 7. Plaintiffs were also required to obtain prior written authorization from INTRAX before leaving their job positions with Defendant Sunset. Id. at 8. Likewise, while in the United States, if Plaintiffs secured new employment, other than with Sunset, they were required to verify such new employment with Defendant INTRAX. Id. at 10. If Plaintiffs failed to abide by any of the conditions set forth by INTRAX, they were advised that they would no longer have medical insurance and would be required to leave the country immediately. Id. at 8. INTRAX represented to Plaintiffs that if they did not receive a certain number of hours of work for a specified period of time, then INTRAX would assist them in obtaining a new position. Id. at 9-10. In addition, INTRAX maintained ongoing support and a 24-hour help line for individuals whom it placed.

6. After their recruitment and placement by Defendant INTRAX, Plaintiffs began working as lifeguards for Defendant Sunset on May 24, 2006. See Complaint, at ¶¶ 6, 7. Plaintiffs worked as lifeguards until October 20, 2006. Id. While working as lifeguards, Plaintiffs worked significant hours in excess of forty (40) hours per week. See Complaint, at ¶¶

6, 7, 17.

7. When Plaintiffs would work more than forty (40) hours in any one week, the additional hours would be shown on their payroll stubs as a "bonus" but would be paid at the regular rate of pay. See Complaint, at ¶ 20, and Exhibit 5 attached to Plaintiffs' Complaint.

8. Defendant Sunset, like Defendant INTRAX, represented to Plaintiffs that they were not entitled to overtime pay. See Complaint, at Exhibit 3, p.2 (Section IV, Wages).

Respectfully submitted,

/s/
Mark J. Murphy, Bar No. 453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Plaintiffs

Date:   February 5, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIROSLAV IVANOV, et al.<br><br>**Plaintiffs**<br>v.<br><br>**SUNSET POOLS MANAGEMENT INC.,** et al.<br>**Defendants** | No. 07-CV-00410 (RJL) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiffs, by their undersigned counsel, hereby submit this memorandum of points and authorities in support of their motion for summary judgment. As demonstrated below, Plaintiffs are entitled to the relief requested because Defendant Sunset Pools Management, Inc. ("Sunset") and Defendant International Travel and Exchange, Inc. ("INTRAX") are employers as that term is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) and, as such, Defendants are jointly and severally liable for their failure to pay Plaintiffs and other similarly situated individuals appropriate overtime pay as required by the FLSA.

**FACTUAL BACKGROUND**

Defendant Sunset is in the business of, *inter-alia*, servicing and maintaining swimming pools for established institutions including prestigious hotels in the Metropolitan Washington, DC area. See Plaintiffs' Statement of Material Facts as to which there is No Genuine Issue, at ¶

1. Defendant INTRAX recruited Plaintiffs for a job with Defendant Sunset in the Washington, D.C. metropolitan region. Id. at ¶ 2.

In the course of recruiting Plaintiffs for employment in the United States, Defendant INTRAX provided Plaintiffs with a "Job Description Document" setting forth the terms and conditions of their prospective position. Id. at ¶ 3. In its Job Description Document, Defendant INTRAX specifically stated that Plaintiffs would not be entitled to overtime pay. Id. at ¶ 4. INTRAX represented to Plaintiffs that if they did not receive a certain number of hours of work for a specified period of time, then INTRAX would assist them in obtaining a new position. Id. at ¶ 5. In addition, INTRAX maintained ongoing support and a 24-hour help line for individuals whom it placed. Id.

In connection with its recruitment and placement services, Defendant INTRAX required Plaintiffs to abide by a number of requirements in order to maintain their employment status in the United States. Id. at ¶ 5. Among these conditions, Plaintiffs were required to attend an orientation meeting upon their arrival in the United States. Id. INTRAX also required Plaintiffs to advise the Company if they changed their living address while staying in the United States. Id. Plaintiffs were also required to obtain prior written authorization from INTRAX before leaving their job positions with Defendant Sunset. Id. Likewise, while in the United States, if Plaintiffs secured new employment, other than with Sunset, they were required to verify such new employment with Defendant INTRAX. Id. If Plaintiffs failed to abide by any of the conditions set forth by INTRAX, they were advised that they would no longer have medical insurance and would be required to leave the country immediately. Id.

2

After their recruitment and placement by Defendant INTRAX, Plaintiffs began working as lifeguards for Defendant Sunset on May 24, 2006. See Plaintiffs' Statement of Material Facts as to which there is No Genuine Issue, at ¶ 6. Plaintiffs worked as lifeguards until October 20, 2006. Id. While working as lifeguards, Plaintiffs worked significant hours in excess of forty (40) hours per week. Id. at ¶ 6.

When Plaintiffs would work more than forty (40) hours in any one week, the additional hours would be shown on their payroll stubs as a "bonus" but would be paid at the regular rate of pay. Id. at ¶ 7. Defendant Sunset, like Defendant INTRAX, represented to Plaintiffs that they were not entitled to overtime pay. Id. at ¶ 8.

## STANDARD OF REVIEW

Summary judgment is viewed as an appropriate method "to secure the just, speedy, and inexpensive determination of [an] action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party. See Foreman v. Small, 271 F.3d 285, 291 (D.C. Cir. 2001). Summary judgment should be granted unless the non-moving party "set[s] forth specific facts showing that there is a genuine issue for trial." Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 56(e)). Here, Plaintiffs submit that summary judgment is appropriate with respect to their claim under the FLSA, because there is no question that both Defendants Sunset and INTRAX satisfy the statutory definition of "employer" and, therefore are liable for the failure to pay Plaintiffs,

and other similarly situated individuals, at the appropriate rate of pay for all hours they worked in excess of forty for any given week.

### ARGUMENT

Under the FLSA, an "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." See 29 U.S.C. § 203(d). In order to determine whether or not an individual falls within the board purview of the FLSA's definition of an employer, courts have examined "whether the alleged employer possess the power to control the workers in question." See, e.g. Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984). In so doing, courts focus on the "economic reality" presented by the facts of each case. See Herman v. RSR Security Services, Ltd., 172 F.3d 132, 139 (2d Cir. 1999), Goldberg v. Whitaker House Coop., 366 U.S. 28, 33 (1961).

The "economic reality" test examines "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter, 735 F.2d at 12 (citing Bonnette v. California Health and Welfare Agency, 704 F.2d 1465 (9th Cir. 1983). No specific factor alone is dispositive, but rather the totality of the circumstances must be considered. Herman, 127 F.3d at 139 (citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir. 1988)).

In Herman, the defendant only satisfied the first criteria of the economic reality test. There was no indication that the defendant had exercised regular control or supervision over

4

employees or their work schedules, nor did he determine their rate and method of payment, or maintain employment records. Nevertheless, the appellate court still upheld the trial court's finding that the defendant was an employer, based on the trial court's examination of the circumstances. Furthermore, it should be noted that classification as an "employer" does not require continuous oversight of employees or absolute control over their activities. Herman, 127 F.3d at 139. "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA..." Id.

Plaintiffs submit that application of the above factors to the circumstances of this case lead to the conclusion that both Defendant INTRAX and Defendant Sunset are employers under the FLSA. Under the first factor of the economic reality test, the power to hire and fire, INTRAX handles the recruitment, screening and placement of prospective employees. Defendant Sunset did not take part in this initial hiring process. Once that process was complete, Sunset retained the ability to terminate individuals placed by INTRAX. Thus, the two Defendants share in the responsibilities concerning the hiring and firing of employees.

The Defendants also engaged in a shared responsibility concerning the second factor - supervision and control over employees. While Sunset controls the day to day supervision of employees, INTRAX requires employees like Plaintiffs to attend an orientation session, report changes to their home addresses in the United States, obtain authorization from INTRAX before leaving their positions with Sunset and obtain pre-approval from INTRAX if they obtain additional employment positions other than from Sunset. Thus, it is clear that both Sunset and INTRAX exercised a considerable degree of control over Plaintiffs.

5

In terms of the third factor, again Sunset and INTRAX shared responsibility. Sunset set the pay rate and method of payment. INTRAX, however, represented to Plaintiffs that if they did not receive a certain number of hours of work for a specified period of time, then INTRAX would assist them in obtaining a new position.

Finally, with respect to the fourth "employer" factor - maintenance of employment records - the Defendants each maintained certain relevant documentation. INTRAX arranged and maintained Plaintiffs' visas and other immigration forms. Upon arrival into the United States, Plaintiffs were required to first report to INTRAX, rather than to Sunset. Likewise, after initially checking in, Plaintiffs were required to report any changes in employment status to INTRAX, according to their agreement with INTRAX. Additionally, INTRAX maintained ongoing support and a 24-hour help line for individuals whom it placed. INTRAX also represents that it will provide health insurance to individuals while in its job placement program. See INTRAX website at http://www.experienceintrax.com/participants/intrax-work-travel.

In light of the above, it is apparent that both Defendant Sunset and Defendant INTRAX were Plaintiffs' employers as defined by the FLSA. While Defendant Sunset undertook the more traditional responsibilities associated with an employer, there is no doubt that Defendant INTRAX acted directly in the interest of an employer in relation to an employee by recruiting and hiring employees and placing them in jobs with Sunset. Furthermore, INTRAX acted indirectly in the interest of an employer in relation to an employee by maintaining ongoing support and a 24-hour emergency line for workers, and by providing health insurance. Accordingly, Plaintiffs respectfully request that the Court enter judgment in their favor with respect to Defendants' liability under the FLSA.

Respectfully submitted,

/s/
Mark J. Murphy, Bar No. 453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Plaintiffs

Date: February 5, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIROSLAV IVANOV, et al.**<br><br>**Plaintiffs**<br>v.<br><br>**SUNSET POOLS MANAGEMENT INC.,** et al.<br>**Defendants** | No. 07-CV-00410 (RJL) |

**ORDER**

Upon consideration of Plaintiffs' motion for summary judgment and any opposition thereto, as well as any reply in support thereof, it is this _____ day of _____, 2008 hereby

ORDERED that the motion for summary judgment is GRANTED.

_____
Judge, United States District Court
for the District of Columbia