UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MIROSLAV IVANOV, et al.,              )
                                      )
          Plaintiffs                  )
                                      )   Case No. 07-cv-00410
vs.                                   )   RJL
                                      )
SUNSET POOLS MANAGEMENT, INC., et al.,)
                                      )
          Defendants.                 )
_____)
```

OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant Sunset Pools Management, Inc. ("Sunset Pools"), through counsel, respectfully opposes Plaintiffs' Motion for Summary Judgment.

ONLY TWO PLAINTIFFS ARE BEFORE THE COURT

Plaintiffs ask the Court to find that "Defendant Sunset Pools Management, Inc., and Defendant International Travel and Exchange, Inc. are . . . jointly and severally liable for their failure to pay Plaintiffs and other similarly situated individuals appropriate overtime pay as required by the FLSA." Plaintiffs' Motion for Summary Judgment at 1. See also Plaintiffs' Memorandum Of Points and Authorities in Support of Their Motion for Summary Judgment at 1. Plaintiffs' papers primarily address Defendant International Travel and Exchange, Inc.'s (Intrax) alleged status as an "employer." Defendant Sunset Pools defers to Intrax on that issue. However, Sunset Pools addresses a number of other issues.

First, while Plaintiffs ask the Court to address some unspecified "other similarly situated individuals," only two

individual Plaintiffs are before the Court.  No other individuals joined the named Plaintiffs in the action by filing consents to be party plaintiff with the Court.  Thus, the Court has no power to address other allegedly similarly situated individuals, who are not even identified by Plaintiffs.

While the FLSA allows collective actions, it also provides that: "No employee shall be a party plaintiff to any action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought."  29 U.S.C. §216(b).  This provision is intended to prohibit a plaintiff from pursuing an action that could potentially generate liability in favor of uninvolved class members.  Cameron-Grant v. Maxim Healthcare Serv., Inc., 347 F.3d 1240, 1248 (11th Cir. 2003), cert. denied, Basis v. Maxim Healthcare Serv., Inc., 541 U.S. 1630 (2004).

"Even if the §216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him . . . he has no right to represent them.  Under §216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." Cameron-Grant, 347 F.3d at 1249.  "Therefore, without the inclusion of other active plaintiffs who have 'opted-in' to the suit, the section 216(b) plaintiff simply presents only her claim on the merits." Vogel v. Am. Kiosk Mgmt., 371 F. Supp.2d 122, 128 (D. Conn. 2005).  See also Castillo v. P&R Enters., 517 F. Supp.2d 440, 444-45 (D. D.C. 2007).

As stated above, no other employees filed consents to be party plaintiff with the Court.  In addition, Plaintiffs never moved for

certification of the purported class of allegedly similarly situated employees, and no purported class was ever certified, even on a conditional basis. See generally Castillo v. P&R Enters., 517 F. Supp.2d 440 (D. D.C. 2007) (procedures under FLSA for certification of class). There is no basis for any consideration of other allegedly similarly situated plaintiffs, who are not even before the Court. Thus, Plaintiffs cannot ask the Court to address similarly situated employees since such employees are uninvolved in this case.

## PLAINTIFFS ARE COVERED BY AN FLSA EXEMPTION

Plaintiffs argue that they are entitled to overtime compensation generally because they allege: "When Plaintiffs would work more than forty (40) hours in any one week, the additional hours would . . . be paid at the regular rate of pay." Plaintiffs' Motion at 3. However, this is perfectly proper and does not violate the law, since, as shown in detail in Defendant Sunset Pools' Motion for Summary Judgment and the supporting Memorandum of Points and Authorities, the "seasonal exemption" from FLSA overtime requirements is applicable. Sunset Pools incorporates its Motion for Summary Judgment and the supporting Memorandum of Points and Authorities by reference.

## CONCLUSION

Sunset Pools respectfully requests that the Court deny Plaintiffs' Motion for Summary Judgment. Instead, Sunset Pools respectfully requests that the Court grant Sunset Pools' Motion for Summary Judgment.

...
...

Respectfully submitted,

/s/ John J. Rigby
John J. Rigby, #255539
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

/s/ George R.A. Doumar
George R.A. Doumar, #415446
George R.A. Doumar, PLLC
2000 N. 14th St., Suite 210
Arlington, Virginia 22201
(703) 243-3737
(703) 524-7610 (fax)
gdoumar@doumarlawgroup.com

Counsel for Defendant
Sunset Pools Management, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 25, 2008, I caused the foregoing to be electronically filed with he Clerk of the Court using the CM/ECF system which will send notifications of each filing to the following counsel of record.

Mark J. Murphy, Esq.
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
mmurphy@mooneygreen.com
Counsel for Plaintiffs

Joseph P. Harkins, Esq.
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036
jharkins@littler.com
Counsel for Defendant Intrax


I also caused a copy to be served by first-class mail on February 25, 2008, upon the following counsel of record:

Reuben Guttman, Esq.
Wolf, Haldenstein, Adler, Freeman & Herz, L.L.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036

Kris Keegan, Esq.
10027 Sinnot Drive
Bethesda, Maryland 20817
Counsel for Plaintiffs


    /s/ John J. Rigby
John J. Rigby, #255539
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com