IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIROSLAV IVANOV, et al.**<br><br>              **Plaintiffs**<br>      v.<br><br>**SUNSET POOLS MANAGEMENT INC.,** et al.<br><br>              **Defendants** | No. 07-CV-00410 (RJL) |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiffs, by their undersigned counsel, hereby submit their brief in reply to the motions for summary judgement filed by Defendant Sunset Pools Management, Inc. ("Sunset") and Defendant International Travel and Exchange, Inc. ("INTRAX").  For the reasons set forth below, as well as those discussed in Plaintiffs' previously filed briefs, Defendants' motions for summary judgment should be denied.  Moreover, Plaintiffs submit that because Sunset and INTRAX are both employers as that term is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 (d), Plaintiffs are entitled to a grant of summary judgment in their favor.  Therefore, this Court should issue an order granting the relief requested by Plaintiffs and hold Defendants jointly and severally liable for their failure to pay Plaintiffs and other similarly situated individuals appropriate overtime pay as required by the FLSA.

None of the arguments relied on by Defendants in their submissions to the Court provide any support for their attempt to avoid their obligations under the FLSA.  In the first instance,

Defendant Sunset's suggestion that "the Court has no power to address other similarly situated individuals, who are not identified by Plaintiffs" (see Sunset's Opposition to Plaintiffs' Motion for Summary Judgment, at 2) has absolutely nothing to do with the underlying merits of the case. Moreover, a portion of the pending relief set forth by Plaintiffs' in their Complaint asks this Court to issue "an order directing notice to be given to those encompassed by [Plaintiffs'] Complaint so that they may give consent to be party plaintiffs." Plaintiffs submit that, if they receive a favorable ruling on the pending motions for summary judgment, the request for notice can be handled by the parties as part of their damages calculations.

Defendant Sunset's only other argument set forth in its opposition brief repeats its claim that it is entitled to the "recreation/amusement" exemption under the FLSA. See Sunset Opposition at 3. As previously explained, however, an opinion letter issued by the Department of Labor based on nearly the precise facts of this case renders Sunset's reliance on the "recreation/amusement" exemption entirely and wholly misplaced. See Plaintiffs' Response Memorandum in Support of Their Motion for Summary Judgment, at 2-4.

Defendant INTRAX's arguments are equally unavailing. INTRAX essentially argues that because it was Plaintiffs' "sponsor" under an international travel program, it can not also be Plaintiffs' "employer" under the FLSA. Defendant INTRAX advances this argument without benefit of any case law that would support its preposterous position that "sponsor" and "employer" are mutually exclusive roles that can not be filled simultaneously by the same entity. In fact, the federal regulations relied on by INTRAX contemplate and specifically provide that a sponsor, like INTRAX, may also act as an employer. See 22 C.F.R. § 62.16(a).

As Plaintiffs previously explained, whether an entity is an "employer" under the FLSA is legal determination which is intended to be interpreted in the "broadest possible terms" based upon the totality of the circumstances of a particular case. See Plaintiffs' Response Memorandum in Support of Their Motion for Summary Judgment ("Plaintiffs' Response Memo."), at 5. Here, Defendant INTRAX did much more than simply "sponsor" foreign exchange students. Rather, INTRAX was involved in nearly every aspect of Plaintiffs' employment. See Plaintiffs' Response Memo., at 4-8.

Based upon the documents INTRAX attached to its summary judgment submission, it is clear that, not only did this corporation play an integral role in recruiting, interviewing, hiring and placing Plaintiffs in their positions as hotel lifeguards, but it also established the terms and conditions of Plaintiffs' employment (through its Placement Confirmation Form), including the wages that Plaintiffs were to be paid. See Plaintiffs' Response Memo., at 6-7. In addition, INTRAX specifically reserved its right to participate in the ongoing employment relationship (including undertaking certain duties that traditionally fall within the realm of an employer). Consequently, when all these factors are considered, the totality of circumstances strongly supports a finding that INTRAX, like Defendant Sunset, satisfies the statutory definition of "employer" under the FLSA.[1]

---

[1] In its response, INTRAX implies that because Sunset admits that it is Plaintiffs' employer, such an admission absolves INTRAX of liability under the FLSA. See INTRAX Response Memo., at 13. This argument is directly contrary to the regulations implementing the FLSA which specifically contemplate that an employee may have more than one employer for purposes of statutory liability. See 29 C.F.R. § 791.2(a) ("a single individual may stand in the relation of an employee to two or more employers at the same time").

**CONCLUSION**

For the reasons discussed above, as well as those set forth in their previous submissions, Plaintiffs respectfully request that this Court deny the motions for summary judgment filed by Defendants and grant the motion for summary judgment filed by Plaintiffs.

Respectfully submitted,

_____/s/_____
Mark J. Murphy, Bar No. 453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Plaintiffs

Date: March 4, 2008