```
             UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA


MIROSLAV IVANOV, et al.,                )
                                        )
         Plaintiffs                     )
                                        )    Case No. 07-cv-00410
vs.                                     )    RJL
                                        )
SUNSET POOLS MANAGEMENT, INC., et al.,  )
                                        )
         Defendants.                    )
_____ )
```

SUNSET POOLS' REPLY TO PLAINTIFFS' OPPOSITION TO
SUNSET POOLS' MOTION FOR SUMMARY JUDGMENT

Defendant Sunset Pools Management, Inc. ("Sunset Pools"), through counsel, respectfully submits its Reply to Plaintiffs' Opposition to Sunset Pools' Motion for Summary Judgment.

NO DISPUTE AS TO FRAUD AND CIVIL CONSPIRACY CLAIMS

Sunset Pools moved for summary judgment on the fraud and civil conspiracy claims brought by Plaintiffs. Plaintiffs did not oppose Sunset Pools' summary judgment motion on these claims, and raised no material facts in dispute. Therefore, Sunset Pools respectfully requests that the Court grant summary judgment to Sunset Pools on Plaintiffs' fraud and civil conspiracy claims.

"SEASONAL" EXEMPTION APPLIES UNDER GREAT WEIGHT OF AUTHORITY

In its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, Sunset Pools showed why the so-called "seasonal exemption" (also known as the "amusement or recreational exemption") from FLSA overtime requirements is applicable. The overwhelming weight of authority, including court decisions, the legislative history of the exemption, and opinion letters, support

Sunset Pools' position. In their Opposition, Plaintiffs, challenged the applicability of the "seasonal exemption."

However, Plaintiffs cited no judicial precedent and relied solely on a 1972 opinion letter, from an official other than the Wage Hour Administrator. As shown below, opinion letters are not binding on the Court. As further shown below, the 1972 opinion letter is contradicted by judicial precedent concerning the "seasonal exemption," the legislative history of the "seasonal exemption," and other opinion letters concerning the "seasonal exemption," including some from the Wage Hour Administrator.

## OPINION LETTERS ARE NOT BINDING ON THE COURT

Opinion letters from officials in the Department of Labor (DOL) concerning the Fair Labor Standards Act (FLSA) lack the force of law and are not binding on the Court. Christensen v. Harris County, 529 U.S. 576, 586 (2000). An interpretation in an opinion letter is not arrived at through formal adjudication or notice and comment rulemaking and is, therefore, not even entitled to so-called Chevron style deference from the Court[1]. Id.

This is particularly true here, where the opinion letter relied on by Plaintiffs does not interpret DOL regulations, but instead purports to interpret the statutory exemption itself. See June 8, 1972 Opinion Letter, WH-166, 1972 WL 34909. Thus, case law concerning deference to an agency's interpretation of its own regulations does not apply.

---

[1] The term "Chevron deference" comes from the Supreme Court's determination that a court must give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-44 (1984).

The Supreme Court and Courts of Appeal have refused to follow DOL opinion letters concerning the FLSA. See, e.g., Christensen v. Harris County, 529 U.S. 576, 586-88 (2000); Brock v. Louvers and Dampers, Inc., 817 F.2d 1255, 1256 (6th Cir. 1987); Reich v. Parker Fire Protection Dist., 992 F.2d 1023, 1026 (10th Cir. 1993); Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294, 303 (6th Cir. 1998); Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc., 204 F.3d 673, 677-79 (6th Cir. 2000).

### 1972 OPINION LETTER INCONSISTENT WITH JUDICIAL PRECEDENT

The 1972 opinion letter, cited by Plaintiffs, opines that a pool management company is not covered by the "seasonal exemption" in large part because "the swimming pools are not open to the general public. They are private pools connected with the apartment or motel." According to the opinion letter, "A recreational or amusement establishment has generally been recognized as one which is frequented by the general public." June 8, 1972 Opinion Letter, WH-166, 1972 WL 34909.

However, the courts have rejected the notion that there is a public accessibility requirement for a business to qualify as a "recreational or amusement establishment" under the "seasonal exemption" (also known as the "amusement or recreational exemption"). "Congress did not intend to incorporate a public accessibility requirement into the amusement or recreational exemption." Brock v. Louvers and Dampers, Inc., 817 F.2d 1255, 1256 (6th Cir. 1987).

In reaching its decision in <u>Brock</u>, the Sixth Circuit rejected Department of Labor opinion letters which interpreted the "seasonal exemption" as exempting only establishments open to the general public. 817 F.2d at 1257-58. The Sixth Circuit concluded that: "There is no economic rationale for exempting employees of seasonal public facilities from the coverage of the FLSA, but not exempting employees doing exactly the same work at private facilities. We find no indication that Congress intended to make such a distinction." 817 F.2d at 1259.

Similarly, the court in <u>Adams v. Detroit Tigers, Inc.</u>, 961 F. Supp. 176, 179 (E.D. Mich. 1997), rejected a Department of Labor opinion letter, refused to require a "public accessibility" requirement in the "seasonal exemption," and determined that the Detroit Tigers qualified as an "amusement or recreational establishment" and that its batboys were exempt from the FLSA.

<u>1972 OPINION LETTER INCONSISTENT WITH LEGISLATIVE HISTORY</u>

The 1972 opinion letter cited by Plaintiffs also relies on the fact that the pool service company provides services to apartment buildings and motels as an independent contractor in finding that the "seasonal exemption" does not apply. June 8, 1972 Opinion Letter, WH-166, 1972 WL 34909. However, the opinion letter's reasoning is inconsistent with the legislative history of the "seasonal exemption" as well as with judicial precedent.

The legislative history of the "seasonal exemption" included recognition that independent contractors, operating on property owned by others, could qualify for the "seasonal exemption." <u>See</u>

S. Rep. No. 145, 87th Cong., 1st Sess. 28 (1961); H.R. Rep. No. 871, 89th Cong., 1st Sess. 35 (1965) ("Lessees or independent contractors, such as concessionaires, and inherently mobile establishments, such as carnivals and circuses, none of which would be expected to own the real property upon which they operate, were clearly contemplated by Congress as being covered by the exemption."), cited in Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 595 (11th Cir. 1995).

The exemption was designed to cover "seasonal recreational or amusement activities . . . ." H.R. Rep. No. 871, 89th Cong., 1st Sess. 35 (1965), cited in Brock v. Louvers and Dampers, Inc., 817 F.2d 1255, 1258 (6th Cir. 1987).

"The crucial question for the purpose of determining whether or not a business falls within the exemption is whether or not it is truly seasonal . . . . There is no need to differentiate between retail and wholesale establishments in the seasonal exemption . . . ." Brock v. Louvers and Dampers, Inc., 817 F.2d 1255, 1259 (6th Cir. 1987).

Courts have held that baseball teams can qualify for the exemption even if they do not own the facility in which they play their home games and play away games in many different locations. See, e.g., Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 595 (11th Cir. 1995).

### 1972 OPINION LETTER INCONSISTENT WITH OTHER OPINION LETTERS

Further, the 1972 opinion letter cited by Plaintiffs is inconsistent with other Department of Labor opinion letters. The

1972 opinion letter opined that "pools at apartment buildings and motels . . . are an integral part of the apartment building and motel and not separate amusement or recreation establishments." June 8, 1972 Opinion Letter, WH-166, 1972 WL 34909.

This is inconsistent with other Department of Labor opinion letters, which have found that the "seasonal exemption" is applicable to lifeguards who work at a beach, while other employees of the same government entity performing other work, would not be covered by the "seasonal exemption." May 12, 1986 Opinion Letter, 1986 DOLWH LEXIS 69; January 24, 1975 Opinion Letter, 1975 DOLWH LEXIS 39; February 24, 1975 Opinion Letter, 1975 DOLWH LEXIS 9; January 17, 1986 Opinion Letter, 1986 DOLWH LEXIS 8.

The May 12, 1986 Opinion Letter is particularly instructive. There, the Department of Labor found that the entire City could not qualify as an "amusement or recreational establishment" under the "seasonal exemption" even though it was a seasonal resort. However, "lifeguards on a beach and other employees who are engaged in work solely connected with the operation of the beach would come within the exemption . . . ." May 12, 1986 Opinion Letter, 1986 DOLWH LEXIS 69.

In other words, employees who worked at the beach were considered part of an "amusement or recreational establishment" covered under the "seasonal exemption" while other City employees at the seasonal resort were not. This is inconsistent with the 1972 opinion letter, cited by Plaintiffs, where the Department of Labor opined that lifeguards at apartments and hotels could not

qualify for the exemption since the lifeguards at the pools there were not separate establishments.

Two of the opinion letters cited by Sunset Pools were signed by the Wage Hour Administrator.  <u>See</u> January 24, 1975 Opinion Letter, 1975 DOLWH LEXIS 39; February 24, 1975 Opinion Letter, 1975 DOLWH LEXIS 9.  Opinion letters signed by the Wage Hour Administrator carry more weight than those signed by others. <u>Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc.</u>, 204 F.3d 673, 677-79 (6th Cir. 2000).

The fact that some of the opinion letters cited by Sunset Pools mention that the beaches in question are open only seven months a year has no impact on whether the operations qualify as a "recreational or amusement establishment" under the "seasonal exemption."  As discussed more fully below, an operation that meets the first part of the test under the "seasonal exemption" as a "recreational or amusement establishment" can meet the second part of the test either by operating no more than seven months a year or receiving the great bulk of its revenues in six months of the year. Sunset Pools met the second part of the test based on its monthly revenues, while the operations discussed in the opinion letters met the second part of the test by operating no more than seven months a year.

<u>SOME POOLS CAN OPERATE MORE THAN SEVEN MONTHS UNDER EXEMPTION</u>

Plaintiffs also argue that Plaintiffs sometimes worked in pools that were open year round and that this is another reason why the "seasonal exemption" does not apply.  However, the "seasonal

7

exemption" covers "any employee employed by an establishment which is an amusement or recreational establishment . . . if (A) it does not operate for more than seven months in any calendar year or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33-1/3 per centum of its average receipts for the other six months of such year . . . ." 29 U.S.C. §213(a)(3); <u>Brock v. Louvers and Dampers, Inc.</u>, 817 F.2d 1255, 1256 (6th Cir. 1987).

Sunset Pools relies on subsection (B) and has shown that "during the preceding calendar year, its average receipts for any six months of such year were not more than 33-1/3 per centum of its average receipts for the other six months of such year . . . ." Thus, the fact that some of the pools it manages are open year round does not stop it from qualifying for the "seasonal exemption." <u>Adams v. Detroit Tigers, Inc.</u>, 961 F. Supp. 176, 180 (E.D. Mich. 1997). In the <u>Adams</u> case, the court found that the Detroit Tigers qualified for the "seasonal exemption" because "the average of six months of off-season receipts is less than 33 1/3% of in-season receipts for the rest of the year" even though "the Tigers generally are a year-round operation." 961 F. Supp. at 180.

<u>ONLY TWO PLAINTIFFS BEFORE THE COURT</u>

Plaintiffs ask the Court to grant summary judgment to the two Plaintiffs before the Court and also to a vague, undefined class of "all other similarly situated individuals." However, as shown by Sunset Pools in its Opposition to Plaintiffs' Motion for Summary Judgment, only the two named Plaintiffs are before the Court.

Plaintiffs have never defined the purported class of "all other similarly situated individuals" or even shown that there is another person who is similarly situated. As such, Plaintiffs cannot speak for other individuals. Cameron-Grant v. Maxim Healthcare Serv., Inc., 347 F.3d 1240, 1248-49 (11th Cir. 2003), cert. denied, Basis v. Maxim Healthcare Serv., Inc., 541 U.S. 1630 (2004); Vogel v. Am. Kiosk Mgmt., 371 F. Supp.2d 122, 128 (D. Conn. 2005); Castillo v. P&R Enters., 517 F. Supp.2d 440, 444-45 (D. D.C. 2007).

## CONCLUSION

Sunset Pools respectfully requests that the Court grant Sunset Pools' Motion for Summary Judgment. Plaintiffs have not opposed Sunset Pools' Motion on the fraud and civil conspiracy claims and have raised no material facts in dispute. Concerning the FLSA exemption issue, Plaintiffs rely solely on one 1972 DOL opinion letter, which is inconsistent with judicial precedent concerning the "seasonal exemption," the legislative history of the "seasonal exemption," and other DOL opinion letters concerning the "seasonal exemption." The great weight of authority favors Sunset Pools' position on the exemption issue.

Respectfully submitted,

 /s/ John J. Rigby
John J. Rigby, #255539
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

 /s/ George R.A. Doumar
George R.A. Doumar, #415446
George R.A. Doumar, PLLC
2000 N. 14th St., Suite 210
Arlington, Virginia 22201
(703) 243-3737
(703) 524-7610 (fax)
gdoumar@doumarlawgroup.com

Counsel for Defendant
Sunset Pools Management, Inc.

CERTIFICATE OF SERVICE

I hereby certify that, on March 7, 2008, I caused the foregoing to be electronically filed with he Clerk of the Court using the CM/ECF system which will send notifications of each filing to the following counsel of record.

Mark J. Murphy, Esq.
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
mmurphy@mooneygreen.com
Counsel for Plaintiffs

Joseph P. Harkins, Esq.
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036
jharkins@littler.com
Counsel for Defendant Intrax

I also caused a copy to be served by first-class mail on March 7, 2008, upon the following counsel of record:

Reuben Guttman, Esq.
Wolf, Haldenstein, Adler, Freeman & Herz, L.L.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036

Kris Keegan, Esq.
10027 Sinnot Drive
Bethesda, Maryland 20817
Counsel for Plaintiffs

　　　　　　　　　　　　　　　　　　　　/s/ John J. Rigby
　　　　　　　　　　　　　　　　　　　John J. Rigby, #255539
　　　　　　　　　　　　　　　　　　　McInroy & Rigby, L.L.P.
　　　　　　　　　　　　　　　　　　　2200 Wilson Blvd., Suite 800
　　　　　　　　　　　　　　　　　　　Arlington, Virginia 22201
　　　　　　　　　　　　　　　　　　　(703) 841-1100
　　　　　　　　　　　　　　　　　　　(703) 841-1161 (fax)
　　　　　　　　　　　　　　　　　　　jrigby@mcinroyrigby.com