UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Miroslav Ivanov, et al.,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**Sunset Pools Management, Inc., et al.,**<br><br>      **Defendant.** | Case No. 1:07-cv-410 |

**DEFENDANT INTERNATIONAL TRAINING AND EXCHANGE, INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, International Training and Exchange, Inc ("Intrax"), by undersigned counsel, respectfully submits its Reply to Plaintiffs' Opposition to Intrax's Motion for Summary Judgment.

## I.   INTRODUCTION

Plaintiff Miroslav Ivanov and Plaintiff Veselin Ivanov ("Plaintiffs") filed a Complaint in this Court alleging violations of the Fair Labor Standards Act ("FLSA"), common law fraud and misrepresentation, and civil conspiracy in connection with their placement by Intrax as temporary employees at Sunset Pools, Inc.[1]  Complaint, Counts I – III.  Specifically, Plaintiffs contend that they were entitled to but denied overtime pay, and that Defendants made false representations regarding their working and living accommodations in the United States.

---

[1] Plaintiffs also brought this action against Sunset Pools Management, Inc. ("Sunset Pools"), their employer.

Complaint, ¶¶ 25, 28. Plaintiffs have now abandoned Counts II-III by failing to oppose Intrax's Motion for Summary Judgment as to those Counts. See Plaintiffs' Opposition, p. 1, fn. 1 ("Consistent with their opening brief, Plaintiffs focus this submission solely on the relief to which they are entitled under the FLSA.")

In Opposition, Plaintiffs first argue that Intrax and Sunset Pools cannot meet the elements of the amusement-recreation exemption, codified at 29 U.S.C. 213(a)(3), solely because, in their view, Sunset Pools' is not an amusement or recreational establishment.[2] Second, Plaintiffs make a strained argument that, in addition to Sunset Pools, Intrax was also Plaintiffs' employer. As shown here, and as fully described in Intrax's Motion for Summary Judgment and in its Opposition to Plaintiffs' Motion for Summary Judgment, Plaintiffs were not employed by Intrax.

## II.    ARGUMENT

### A.    Plaintiffs Failed To Rebut Intrax's Argument That It Was Not Plaintiffs' Joint Employer, as Defined by 29 C.F.R. § 791.2(b).

Intrax argued in its Motion for Summary Judgment that, under the Department of Labor's regulations, 29 C.F.R. § 791.2(b), Intrax was not a joint employer with Sunset. Intrax's Motion, pp. 5-8. Specifically, Intrax argued that it does not fall under the rubric of any of the below examples provided by the regulations, demonstrating when a joint employment relationship exists.

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

---

[2] Intrax incorporates by reference Sunset Pools' argument in its Reply that it is meets the amusement-recreation exemption.

- 2 -

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees;
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

By absence of argument in Plaintiffs' Opposition, Plaintiffs appear to concede that, examples one and three, supra, are not applicable in this case, as Intrax argued in its Motion for Summary Judgment. Furthermore, by their silence with respect to the second example, Plaintiffs also appear to concede that Intrax's analysis using the Zheng factors[3], i.e., that Intrax was not "acting directly or indirectly in the interest of" Sunset Pools, was persuasive, as well. Zheng. v. Liberty Apparel Co., 355 F.3d 61 (2nd Cir. 2003)[4].

---

[3] The Second Circuit in Zheng set forth six non-exclusive factors to be considered in determining joint employment:

> (1) Whether [the putative joint employer(s)] premises and equipment were used for the plaintiffs' work; (2) whether the [employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the putative joint employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the putative joint employer or its agents] supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the putative joint employer].

355 F.3d at 72 (citations omitted).

[4] Plaintiffs' early-filed Reply brief also fails to rebut Intrax's arguments that it was not Plaintiffs' joint employer.

## B. Plaintiffs Abandoned Their Arguments Made In Their Motion For Summary Judgment.

Plaintiffs argued in their Motion for Summary Judgment that, based on the following "undisputed facts," Intrax was their employer. Plaintiffs' Motion, pp. 4-6.

1. Intrax required Plaintiffs to attend an orientation meeting upon their arrival in the United States.

2. Intrax required Plaintiffs to advise the Company if they changed their living address while staying in the United States.

3. Intrax required Plaintiffs to obtain prior written authorization before leaving their job positions with Defendant Sunset Pools.

4. If Plaintiffs secured new employment, Intrax required Plaintiffs to verify such employment with it.

5. Intrax represented to Plaintiffs that if they did not receive a certain number of hours, Intrax would assist them in obtaining new employment.

6. Intrax maintained a 24-hour help line for individuals whom it placed.

Plaintiffs discussed the "economic reality" test[5] set forth in <u>Carter v. Dutchess Community College</u>, 735 F.2d 8, 12 (2nd Cir. 1984), in the context of these facts. However, it appears that Plaintiffs have abandoned this argument, as well, by failing to include it in Opposition to Intrax's Motion for Summary Judgment.

Plaintiffs' reliance on these facts, as fully discussed in Intrax's Opposition to Plaintiffs' Motion, is misplaced because Intrax performed the functions exclusively in its role as a Sponsor, as required by the Regulations promulgated under the U.S. Department of State's Exchange Visitor Program, and not because it was Plaintiffs' employer. Moreover, as discussed in Intrax's

---

[5] The "economic reality" factors include: "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." <u>Carter</u>, 735 F.2d at 12.

Opposition to Plaintiffs' Motion for Summary Judgment, these "undisputed facts" are not indicia of employer status, anyway.

### C. Plaintiffs' "Totality of the Circumstances" Argument Also Fails.

Having abandoned any real analysis, Plaintiffs now attempt to parse out a hodge-podge of different provisions in various exhibits in an effort to persuade the Court that the "totality of the circumstances" shows that Intrax was involved in "nearly every aspect of Plaintiffs' employment relationship." Plaintiffs' Opp. at 6. As shown below, Plaintiffs argument is unpersuasive for several reasons.

First, Plaintiffs argue that there is no record evidence that "Sunset Pools played any role in the hiring of Plaintiffs." Id. To the contrary, the record evidence conclusively establishes that Sunset Pools had complete control and authority to hire (and fire) its own employees, such as the Plaintiffs. For example, once Intrax recruited Plaintiffs from Bulgaria, Sunset Pools interviewed and hired them. See Declaration of Babak Kiani, Regional Manager for Sunset Pools, attached to Intrax's Opp. as Ex. J, at ¶ 3. In addition, upon hiring Plaintiffs, Plaintiffs and Sunset Pools entered into an employment agreement,[6] which set forth Plaintiffs' terms and conditions of employment at the commencement of their employment relationship. Intrax's Opp., Ex. I. The employment agreement clearly demonstrates that Sunset Pools was fully responsible for, and in control of, hiring their own employees. Any mention of Plaintiffs' employment agreement, however, is conspicuously absent from their "totality of the circumstances" argument.

Second, Plaintiffs make a confusing argument that Intrax "set the wage rates to be paid by [sic] Plaintiffs and established the terms and conditions of employment under which Plaintiffs would be required to work." The Premium Host Company Agreement (the "Agreement") that

---

[6] The Employment Agreement also states that Plaintiffs were "Exchange Visitors." Intrax's Opp., Ex. I, p. 1.

Intrax and Sunset Pools entered into, attached to Intrax's Opp. at Ex. B, states that, Sunset Pools agrees to "provide employment consistent with the employment terms outlined in the job description Documents/Placement Confirmation Form," (the "Form"). Plaintiffs' Opp. at 6-7. To wrap up this argument, Plaintiffs then point to the Form,[7] attached to Intrax's Opp. at Ex. F, which describes the work that Plaintiffs would be performing for Sunset Pools. Plaintiffs' Opp. at 7. It appears Plaintiffs are trying to make the argument that the information provided on the Form must necessarily have been established by Intrax.

Plaintiffs' far-reaching contention, however, that Intrax was responsible for setting Plaintiffs' wages simply because that information happens to be on the Form misconstrues Intrax's role as a Sponsor in the U.S. Department of States' Exchange Visitor Program, as fully described in Intrax's Opposition to Plaintiffs' Motion for Summary Judgment.[8] The Form, among other things, identifies the following headings:

- Job Description
- Level of English Required
- Estimated Average Hours over the course of the program
- Pay Rate Estimate
- Estimated Tips
- Estimated Overtime
- Required Skills
- Expected Schedule
- Drug Screening Policy
- Additional application

---

[7] The very first page of the Placement Confirmation Form indicates that Intrax was Plaintiffs' Sponsor and Sunset Pools was Plaintiffs' employer. Intrax's Opp., Ex. F. In addition, the Form expressly states that Intrax is Plaintiffs' official program sponsor while you are in the United States." Id. at page 7 of 12.

[8] The U.S. Department of State ("State Department") is charged with overseeing the Mutual Educational and Cultural Exchange Act of 1966 (the "Act"), as amended, Public Law 87-256, 22 U.S.C. 2451, *et seq*. The purpose of the Act is to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchanges. 22 C.F.R. § 62.1(a). The purpose of the Exchange Visitor Program ("Program") "is to provide foreign nationals with opportunities to participate in educational and cultural programs in the United States and to return home to share their experiences, and to encourage Americans to participate in educational and cultural programs in other countries." 22 C.F.R. § 62.1(b).

- Possibility for job change within company
- Meal discounts
- Uniforms, Dress Code, and Groom Code

Intrax's Opp, at Ex. F, p. 2.

Under Plaintiffs' theory, Intrax must have the knowledge and expertise in such a broad array of business fields that it could create and establish job descriptions, required skills, schedules and hours, dress code requirements, and wages for all of its corporate clients, such as Marriott Hotels, McDonalds Restaurants, Dollar Rent A Car, Treasure Island, Princess Tours, Alaska Heritage Tours, Yosemite National Park, and Mt. Olympus Waterpark.  See Declaration of Kimberley Meyers, Managing Director of Intrax, herein "Meyers Decl.," attached hereto as Exhibit A, ¶ 8.[9]  Moreover, this theory also rests on the assumption that Intrax has the authority to mandate to its corporate clients how to run their businesses.  Clearly, this is not so.

The fact is, Intrax does not set the wages or any other term and condition of employment of the participants in the Program.  Meyers Decl., ¶ 9.  Instead, Intrax merely incorporates information provided by its corporate clients, such as Sunset Pools, into the Form.[10]  Meyers Decl., ¶ 10.  Moreover, the corporate clients inform Intrax whether their prospective employees may maintain a second job, seek promotional opportunities, and meet dress code requirements.  Meyers Decl., ¶ 11.  Then, based on the information provided by its corporate clients, Intrax attempts to recruit good matches for the positions.  Meyers Decl., ¶ 12.

Lest their be any doubt that Sunset Pools clearly established Plaintiffs' terms and conditions of employment, the Court only needs to review the employment agreement executed

---

[9] Ms. Meyers has included additional information in her declarations on each successive brief because Plaintiffs have continually changed their theory of liability as to Intrax, and because Plaintiffs failed to conduct any discovery on this issue.

[10] In other words, Intrax, as a matter of course, does a "cut and paste" of the information it receives from its corporate clients to their own letterhead, which it forwards to the participants.

between Plaintiffs and Sunset Pools, as noted above. Intrax's Opp., Ex. I. The employment agreement outlines all the terms and conditions, including, but not limited to, dates of employment, requirements of the position, wages, average number of hours, bonus requirements, and cost of uniforms. Id. The employment agreement also establishes moonlighting options and other terms and conditions of employment. Id.

Furthermore, other provisions on Intrax's Confirmation Form also conclusively establish that Intrax was not Plaintiffs' employer. For example, other provisions read:

> <u>Your employer</u> may terminate your employment at any time, without prior notification, with or without cause. <u>Intrax Work/Travel is not responsible for and cannot control employment decisions made by your employer</u>. (Emphasis added).
>
> <u>Your employer</u> may have to limit the number of hours you work per week for a variety of reasons, including but not limited to poor job performance, misconduct, or circumstances beyond the employer's control. <u>Intrax Work/Travel is not responsible for and cannot guarantee your schedule or that you will be able to work a minimum number of hours per week.</u>

Intrax's Opp., Ex. F, at pp. 7 and 8 (emphasis added). Plaintiffs ignore these provisions in their "totality of the circumstances" argument, as well.

Finally, Plaintiffs' contend that the following provisions of the Agreement between Intrax and Sunset Pools also establish that Intrax played "a role traditionally reserved for an 'employer.'" Plaintiffs' Opp. at 7.

- Intrax agrees to make a good faith effort to ensure that all participants recruited and placed in these positions will complete any additional forms or procedures required by [Sunset Pools] to facilitate their employment.

- In the event of a labor force reduction as the result of unforeseen circumstances, [Sunset Pools] agrees to make a good faith effort to retain participants recruited and placed by Intrax for as long as possible and with as many scheduled hours as possible and, if any Intrax participants cannot be retained, to make a good faith effort to assist Intrax in finding them new placements.

- In the event that a participant wishes to terminate his or her employment with [Sunset Pools,] Intrax agrees to act as a mediator between the participant and Sunset Pools, and made a good faith effort to ensure that the participant remains in his or her position unless there has been a failure to comply with the terms of employment described in the participant's Job Description Document/Placement Confirmation Form.

- [Sunset Pools] understands and agrees that Intrax cannot guarantee visa approvals, arrival dates, or job performance of participants placed with [Sunset Pools]. However, Intrax will made a good-faith effort to ensure that the participants will arrive on time to commence their employment with [Sunset Pools], abide by the terms of their employment and perform their assigned task in a satisfactory manner.[11]

Intrax's Opp., Ex. B, at ¶¶ C, F, G, and L.

It is difficult to understand Plaintiffs' contention that somehow the above provisions in the Agreement between Intrax and Sunset Pools confirm that Intrax played a "traditional" role reserved for an employer. Plaintiffs' Opp. at 7-8. For example, item number 1 states that Intrax will merely assist Sunset Pools in getting additional forms from Plaintiffs as <u>required by Sunset Pools,</u> and item number 4 states that <u>Intrax cannot guarantee job performance</u> of Plaintiffs. Moreover, items 2 and 3 focus on Intrax's role as a Sponsor or liaison for Plaintiffs so that they can remain in the United States and participate in the cultural exchange program for the duration.

Tellingly, Plaintiffs ignore the provision which reads: "[Sunset Pools] understands and agrees to uphold the objectives of [Intrax's Program] by promoting cultural understanding and positive experiences for the participants recruited and placed with [Sunset Pools] by [Intrax]. Intrax's Opp., Ex. B, at ¶ K. This provision is entirely consistent with the objectives of the State Department's Exchange Visitor program. Indeed, the Program's goal is to "increase mutual

---

[11] Plaintiffs misstate the record evidence by arguing that "the fact that Intrax was responsible for ensuring that the Plaintiffs performed their jobs and did so in a satisfactory manner is an overwhelming indication of 'employer' status.'" Plaintiffs' Opp., p. 8. Plaintiffs do not cite to the record when making this statement. Indeed, <u>nowhere</u> in the record evidence does it state that Intrax is "responsible for ensuring that Plaintiffs will perform their jobs ... in a satisfactory manner." To the contrary, the Agreement expressly states that Intrax "<u>cannot</u> guarantee ... job performance of participants placed with Sunset Pools." Intrax's Opp., Ex. B, at ¶ L. (emphasis added).

understanding between the people of the United States and the people of other countries by means of educational and cultural exchanges." 22 C.F.R. § 62.1(a). This is a worthy goal, especially in this day and age, and burdening Sponsors with employer status, would likely put an end to cultural exchanges involving employment.

### III. CONCLUSION

For the foregoing reasons, Intrax respectfully requests that the Court grant Intrax's Motion for Summary Judgment on all Counts.

Dated:   March 7, 2008

/s/  Joseph P. Harkins
Joseph P. Harkins (Fed. Bar. No. 14007)
jharkins@littler.com
Steven E. Kaplan (Fed. Bar No. 92408)
skaplan@littler.com
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400  Telephone
202.842.0011  Facsimile

Counsel for Intrax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2008, the foregoing Defendant International Training and Exchange, Inc.'s Reply to Plaintiffs' Opposition to Plaintiffs' Motion for Summary Judgment will be served through electronic mail, via ECF filing, upon the following:

Mark Murphy, Esquire
Mooney Green Baker & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, DC  20036

Counsel for Plaintiffs

John J. Rigby, Esquire
McInroy & Rigby, L.L.P.
2200 Wilson Boulevard
Suite 800
Arlington, VA  22201

George R.A. Doumar, Esquire
George R.A. Doumar, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA  22201

Counsel for Defendants Sunset Pools
Management, Inc. and Arash Naderi

/s/ Joseph P. Harkins
Joseph P. Harkins

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIROSLAV IVANOV

and

VESELIN IVANOV,

      Plaintiffs,

v.

SUNSET POOLS MANAGEMENT, INC.
et al.,

      Defendants.

Case No. 07-CV-00410
Hon. Richard J. Leon

## DECLARATION OF KIMBERLEY MEYERS

1. My name is Kimberley Meyers, and I am over 18 years of age and competent to give testimony.

2. I am the Managing Director of Administration of International Training and Exchange, Inc., known as Intrax. Intrax recruits and facilitates the placement of individuals from foreign countries for temporary employment positions with employers in the United States.

3. Intrax is an official Sponsor participating in the U.S. Department of State's Exchange Visitor Program (the "Program"), and was such a Sponsor in 2006.

4. Under the Rules and Regulations of the Program, Intrax is required to ensure that participants, such as Plaintiffs, attend an orientation meeting prior to their arrival in the United States.

5. Under the Rules and Regulations of the Program, participants are also required to keep the Sponsor apprised of his or her address and telephone number.

6. Under the Rules and Regulations of the Program, Sponsors must ensure that the activity in which the participants are engaged is consistent with the category and activity listed on Form DS-2019.

7. As part of Intrax's work travel program, Intrax assists the participants to obtain J-1 Visas.

8. Intrax's clientele includes such employers as Marriott Hotels, McDonalds Restaurants, Dollar Rent A Car, Treasure Island, Princess Tours, Alaska Heritage Tours, Yosemite National Park, and Mt. Olympus Waterpark.

9. Participants' wages or other terms and conditions of employment are entirely set by Host Companies.

10. Intrax's employees input information that they receive from Intrax's Host Companies, such as job descriptions, wages, schedules and hours, and necessary skills, onto a Premium Placement Confirmation Form.

11. Host Companies also inform Intrax whether their prospective employees may maintain a second job, what promotional opportunities are available, and whether they have any dress code or grooming requirements.

12. Based on the information provided by the Host Company, Intrax attempts to recruit foreign nationals that match the requirements of the position.

13. Intrax enters into contracts with its clients, among other reasons, to ensure that their clients can keep their promise to hire the participants upon their arrival in the United States. Intrax would no longer have a viable business if it obtained the reputation that participants were left without a job upon arriving in the United States.

14. Intrax also enters into contracts with its clients as a means to ensure that the clients keep the participants' positions consistent with the information that they provided to the State Department, which is another requirement of the Program.

15. All fees for service to Intrax are paid by the participants, and not by the employers who temporarily employ the employees from abroad.

16. Because Intrax is based in the United States, we contract with organizations in various countries to assist with tasks related to the job placement process, including their presenting applicants with Intrax's Premium Placement Participant Terms and Conditions Agreement, and conducting English proficiency examinations.

17. In Bulgaria, Intrax has a contract with Zip Travel to perform the above-referenced tasks.

18. Specifically, Intrax provides Zip Travel with the entire 12-page Terms & Conditions and instructs the contractor to present the entire agreement to all applicants for their review and signature.

19. Intrax expressly states in the Terms & Conditions that its program does not include housing and that Intrax is not responsible for providing housing to the participants. Moreover, the Terms & Conditions states that Intrax makes no representations or guarantees regarding the nature or quality of such housing, should housing become available through an employment opportunity.

20. Some time after Miroslav Ivanov's and Veselin Ivanov's (Plaintiffs) employment with Sunset Pools terminated, Plaintiffs revisited Zip Travel in Sofia, Bulgaria with interest in participating in Intrax's international placement program again.

21. I declare under penalty of perjury that the foregoing is true and correct.

_____
Kimberley Meyers

Firmwide:84446222.1 054310.1005